---

## In re PAUL.

(District Court, W. D. Washington, N. D. September 14, 1926.)

### No. 8024.

Witnesses ⬡⟿41—Person of unsound mind may be competent witness.

Mental unsoundness, though adjudicated by a court, does not determine the incompetency of a witness, which depends on whether he understands the obligation of an oath and is able to give a correct account of what he has seen and heard in reference to the matter in controversy, and this is to be determined by the court before which he appears to testify.

In Bankruptcy. In the matter of John E. Paul, alleged bankrupt. On motion to rescind order for bankrupt to appear for examination. Motion denied.

On August 19, 1926, Judge Dietrich, sitting in this court, on the petition of the petitioning creditors, entered an order (section 21a, Bank. Act; Comp. St. § 9605) requiring the alleged bankrupt to appear before Hon. C. R. Hawkins, referee in bankruptcy, at a time stated, to be examined under oath concerning his acts, conduct and property. Motion is now made for an order rescinding and withdrawing the order requiring appearance and examination, upon the ground that, on the 1st day of September, 1926, an order was entered by the superior court of the state of Washington, after due notice, in which "it is adjudged and decreed that the said John E. Paul is a mentally incompetent person and of unsound mind, and that it is to his best interests that a guardian be appointed for his person and estate," and thereupon a guardian was appointed for his person, and likewise a guardian was appointed for his estate. This motion is joined in by the guardian of the person, who is a son of the alleged incompetent, and by the guardian of his estate, the First National Bank, of this city. It is contended that the appointment of guardian adjudicates the incompetency of the alleged bankrupt to appreciate the solemnity of an oath, and as a witness upon any question of fact.

Marion A. Butler, of Seattle, Wash., for bankrupt.

Ivan L. Hyland, of Seattle, Wash., for guardian of estate.

Robbins & Rickles, Mark M. Litchman, and Leopold Stern, all of Seattle, Wash., for petitioning creditors.

NETERER, District Judge (after stating the facts as above). Arbitrary rules fixing the competency of a witness "mentally incompetent" to testify do not obtain. Courts have been "keeping pace with the progress of science" and enlightened unfolding, and have relaxed the rigor of the rules, and now competency depends upon the understanding and moral sense—the degree of intelligence and understanding—of the witness. A lunatic is generally recognized as competent to testify, if he has sufficient mind to understand the nature and obligation of an oath, and give expression to the matters of which he knows or has seen and heard. See Lanier v. Bryan, 184 N. C. 235, 114 S. E. 6, 26 A. L. R. 1488, and cases cited. Unsoundness of mind of itself will not render a person incompetent as a witness. The competency is determined by his understanding of the obligation of an oath, and ability to give a correct account of what he has seen and heard in reference to the matter in controversy. Dist. of Col. v. Arms, 107 U. S. 519, 2 S. Ct. 840, 27 L. Ed. 618; New York Evening Post Co. v. Chaloner (C. C. A.) 265 F. 204, writ of certiorari denied 252 U. S. 591, 40 S. Ct. 396, 64 L. Ed. 731.

Whether the witness can meet the test is a question for the court. Dist. of Col. v. Arms, supra; N. Y. E. P. Co. v. Chaloner, supra; Czarecki et al. v. S. & S. F. R. & N. Co., 30 Wash. 288, 70 P. 750; Miller v. Green, 125 Wash. 570, 216 P. 843. The competency of the alleged bankrupt as a witness may not be determined by the order of the state court adjudicating him "mentally incompetent," but must be determined by the sound discretion of the referee at the time of his examination.

The motion to withdraw and rescind the order is denied.