## WALKER v. MARSHALL et al.
### No. 9321.

Circuit Court of Appeals, Ninth Circuit.
May 2, 1940.

Adam Beeler and Oscar A. Zabel, both of Seattle, Wash., for appellant.

J. Charles Dennis, U. S. Atty., and Gerald Shucklin, Asst. U. S. Atty., both of Seattle, Wash., for appellee Marshall.

Bogle, Bogle & Gates and Stanley B. Long, all of Seattle, Wash., for appellees B & H Stevedoring Corp. and Fireman's Fund Ins. Co.

Before GARRECHT, HANEY, and HEALY, Circuit Judges.

PER CURIAM.

This is an appeal from a decree dismissing a suit brought by appellant to set aside a compensation order made under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq.

Appellant was injured on February 14, 1934. Appellee, the deputy commissioner, made a compensation order on July 3, 1935, allowing compensation to April 9, 1935, having found that appellant's disability had terminated on that date. Because of an alleged recurrence of effects of the injury, appellant petitioned the deputy commissioner to review the compensation order of July 3, 1935. A hearing was held, after which on August 17, 1936, the deputy commissioner filed a document stating that he "hereby Reaffirms the said findings of fact contained in the said compensation order and award of compensation filed on July 3, 1935". Such "document" was set aside on December 6, 1937, in a suit brought by appellant in the court below, and the deputy commissioner was directed to make findings. Obedient to such directions the deputy commissioner made supplementary findings on September 16, 1938, and found that the change in condition of appellant was not the result of the injury on February 14, 1934. Further compensation was denied.

Appellant then brought this suit to set aside the supplementary compensation order. The sole question argued is whether or not there was substantial evidence to sustain the finding above mentioned. At the hearing resulting in the "document" of August 17, 1936, the parties agreed to have appellant examined by certain doctors and after the doctors' reports were received, it would then be determined whether further hearings for cross-examination would be held. These reports in the form of letters sustain the finding. After the document of August 17, 1935, was set aside, and on August 19, 1938 "the interested parties advised the Deputy Commissioner that further hearing was waived, and that the matter was submitted on the record as existing at the time the said order was filed on August 17, 1936". The trial court dismissed the proceedings. This appeal followed.

Appellant contends that the finding could not be based on the letters mentioned, because the letters were mere conclusions and hearsay. It is apparent that appellant waived his right, if any, to cross-examination. The error, if any, herein, was invited by appellant, and he cannot now be permitted to urge the point that hearsay evidence was admitted and believed.

Affirmed.