## LOCKARD v. PARKER et al.
### No. 5646.

Circuit Court of Appeals, Fourth Circuit.
Dec. 10, 1947.

I. Duke Avnet, of Baltimore, Md., for appellant.

David R. Owen and C. Ross McKenrick, Asst. U. S. Atty., both of Baltimore, Md. (Semmes, Bowen & Semmes and Bernard J. Flynn, U. S. Atty., all of Baltimore, Md., and Ward E. Boote, Chief Counsel, and Herbert P. Miller, Asst. Chief Counsel, both of New York City, United States Employees' Compensation Commission, on the brief), for appellees.

Before PARKER, SOPER and DOBIE, Circuit Judges.

SOPER, Circuit Judge.

The principal question on this appeal is whether, as the District Judge found, there was substantial evidence to support the conclusion of the Deputy Commissioner that the claimant was not entitled to any compensation in addition to that which he had already received for an injury suffered in the course of his employment by the Maryland Drydock Company. The applicable rule of law in such a case is that the findings of fact of the Deputy Commissioner and the inferences which he draws therefrom in cases under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq., if supported by the evidence, are binding upon the courts and may not be set aside because their findings or inferences may be thought to be more reasonable. Cardillo v. Liberty Mutual Insurance Co., 330 U.S. 469, 67 S.Ct. 801.

The claimant was injured on August 11, 1945, when the scaffold slipped on which he was standing while working as a painter on board a vessel afloat in the Patapsco River and, in order to save himself, he grabbed a cable and swung around and struck the back of his neck and head against a bulkhead. The evidence indicates that the blow produced a traumatic neuritis and limitation of the movement of his neck, so that he could not raise and lower his head in an upward and downward plane without pain. He worked for two days after the injury but was unable to continue on account of the severe pain in his neck, and he was allowed compensation for various periods of time ending November 7, 1945, in the aggregate sum of $207.14. He was examined by a physician at the United States Marine Hospital in Baltimore on October 2, 1945, who gained the impression that the disability was more or less permanent in nature and would not be improved by conservative treatment, and that the patient could do light work only in a position where a vertical motion of the head would not be required.

Later the claimant showed symptoms of mental disturbance, and on November 13, 1945, he was committed to the Springfield State Hospital for the Insane where the physicians concluded that he was suffering from schizophrenia of the paranoid type, but that the accident had no connection with the mental disease. Testimony to this effect was given at the Deputy Commissioner's hearing. The claimant was later examined also by two other physicians. One of them, who testified on behalf of the claimant, was of the opinion that the mental condition was caused by the blow, and the other testified on behalf of the employer that there was no such causal connection, and further that the claimant had recovered from the physical disability caused by the blow upon the neck. The Deputy Commissioner also had an opportunity personally to observe the claimant during the course of the hearing.

The Deputy Commissioner reached the conclusion that the insanity of the claimant was not attributable to his accident and no point is made of this finding on this appeal since it is obvious that there was testimony on both sides. Exception is taken, however, to the finding that the claimant suffered no disability beyond the period for which compensation has been paid. On behalf of the claimant it is pointed out that the examination at the Marine Hospital indicated that there was a resulting injury more or less permanent in character, and it is contended that the opposing testimony on behalf of the employer

was entirely lacking in probative force. We are told that we should reject the testimony of the physician who testified on behalf of the employer because his conclusions were based in part upon statements inadmissible in evidence of a person of unsound mind then confined in a hospital for the insane, and because the injury from which the patient suffered was an injury to the nerves of the neck which was not objectively discernible. This position, however, is not tenable. An examination of the testimony of the physician shows the performance of a number of objective tests which would have disclosed a diseased condition of the nerves of the neck if such a condition existed. The results were entirely negative. The statements of the claimant to the physician were merely used to assist him in his determination as to whether certain movements of the head were accompanied by pain. Furthermore, a person of unsound mind is not necessarily an incompetent witness but may be permitted to testify if he has sufficient understanding of the nature of an oath and is capable of giving a correct account of what he has seen and heard. District of Columbia v. Arms, 107 U.S. 519, 2 S.Ct. 840, 27 L.Ed. 618; New York Evening Post v. Chaloner, 2 Cir., 265 F. 204, 216; In re Paul, D. C. W. D. Wash., 18 F.2d 448; Weeks v. State, 126 Md. 223, 94 A. 774; 28 Ruling Case Law, Witnesses, § 38; 70 Corpus Juris, Witnesses, § 123. Indeed in the pending case the plaintiff was offered by his attorney as a witness on his own behalf and having demonstrated that he understood the obligation of an oath, was permitted to testify. During this testimony the Deputy Commissioner had the opportunity to observe him on the witness stand when in response to requests of the attorneys, he freely made certain movements which showed that he had recovered from his previous inability to move his head in a vertical direction. It is obvious that there was abundant evidence to support the Deputy Commissioner's findings even if we ignore the inability of the claimant to work by reason of the mental disease which manifested itself shortly after the accident. The judgment of the District Court is therefore affirmed.