Thurlow WATTS

v.

Stephen O'HEARNE, Deputy Commissioner, United States Department of Labor, Bureau of Employees' Compensation, Fourth Compensation District
and
Ramsay, Scarlett and Company
and
St. Paul-Mercury Ind. Co.

No. 3973.

United States District Court
D. Maryland.

Jan. 28, 1959.

Amos I. Meyers, Baltimore, Md., for plaintiff.

Leon H. A. Pierson, U. S. Atty, and Martin A. Ferris, Asst. U. S. Atty., Baltimore, Md., for Stephen O'Hearne.

Thomas D. Washburne, Baltimore, Md., for Ramsay, Scarlett & Co., and St. Paul-Mercury Ind. Co.

THOMSEN, Chief Judge.

This is a petition to review an order of the Deputy Commissioner rejecting claimant's application for modification of an award. 33 U.S.C.A. §§ 921, 922.

On 30 March 1955, while claimant was working aboard the S. S. Langfonn, a

piece of ore fell and struck him on the head, causing a laceration of the scalp. He was not rendered unconscious and had no other physical injury. Nevertheless, he remained off work, engaged an attorney, and complained of weakness. The Deputy Commissioner referred him to the U.S.P.H.S. Hospital, the carrier to Dr. R. K. Thompson. Both submitted reports showing no disability. In October 1955 claimant was treated at the Johns Hopkins Hospital for varicose veins, which admittedly had no relation to the injury. The hospital record states: "Patient has no desire to work although he physically appears in good health". The Hopkins' doctors recommended that he "go to *work*" (emphasis theirs). Following a conference at which claimant was represented by competent counsel, the Deputy Commissioner made an award dated 7 November 1955, for temporary total disability from 31 March 1955 to 13 September 1955 in the amount of $830, and for disfigurement in the amount of $450, a total of $1,280; since that amount had been paid to the claimant, the award concluded: "The case is Closed." It is agreed that the Deputy Commissioner impliedly held that claimant had no other disability, temporary or permanent.

Claimant returned to work in January 1956, but consulted his present counsel in April. In May 1956, he filed an application with the Deputy Commissioner for a review of the case and requested a conference which was held shortly thereafter. This proved fruitless, and claimant stopped work in July 1956. He was examined by Dr. Langworthy in 1956 and by Dr. Lerner in 1957. In April 1957 claimant returned to the Johns Hopkins Hospital, complaining of mild pain over the medial aspect of the left calf. The only treatment given was for his bilateral varicose veins. Several conferences had been held, and at the request of claimant's counsel, a formal hearing was held before the Deputy Commissioner. The claimant, Dr. Langworthy and Dr. Lerner testified. The reports of Dr. Berensuns, the original attending physician, of Dr. Thompson, and of the U.S.P.H.S. Hospital, and the complete record of the Johns Hopkins Hospital were offered in evidence without objection. After the hearing, the Deputy Commissioner entered the following order:

"An application for modification of award contained in a Compensation Order filed by the Deputy Commissioner on 7 November 1955 on the ground of mistake in determination of fact having been filed on 9 May 1956, and such investigation in respect to the application having been made as is considered necessary by the Deputy Commissioner and a hearing having been duly held in conformity with law, the Deputy Commissioner makes the following

"Findings of Fact.

"That the Compensation Order filed on 7 November 1955 is made a part of this order by reference; that the application of the claimant was timely filed; that the medical evidence in support of the claimant's application is based on insufficient knowledge of the facts; that there was no mistake in determination of fact contained in the Compensation Order complained of.

"Upon the foregoing facts it is ordered that the application be and it is hereby Rejected on the ground that no mistake in determination of fact was made in the Compensation Order filed on 7 November 1955."

33 U.S.C.A. § 922 provides: "Upon his own initiative, or upon the application of any party in interest, on the ground of a change in conditions or because of a mistake in determination of fact by the deputy commissioner, the deputy commissioner may, at any time prior to one year after the date of the last payment of compensation, * * * review a compensation case in accordance with the procedure prescribed in respect of claims in section 919 of this title, and in accordance with such section issue a new compensation order which may

terminate, continue, reinstate, increase, or decrease such compensation, or award compensation. * * * "

It is quite clear from the record in this case that claimant's application for review of the case and for modification of the award of 7 November 1955 was made on the ground of an alleged mistake in a determination of fact by the Deputy Commissioner and not on the ground of any change in condition.[1]

There was a conflict in the evidence. Based on the history given him by claimant at his examination, and apparently without having checked the hospital records or other reports, Dr. Lerner testified that claimant had a forty to fifty percent disability due to an anxiety state with an associated depression. On the same basis Dr. Langworthy found that claimant was not disabled from an organic point of view, but had a ten percent disability from an emotional point of view, due to a long list of troubles, of which the injury of 30 March 1955 was the last.[2]

On the other hand Dr. Thompson, the doctors at the U.S.P.H.S. Hospital and the doctors at the Johns Hopkins Hospital where claimant was treated both in the fall of 1955 and the spring of 1957, found no disability of any kind as a result of the accident. The record at Hopkins states that it is very difficult to evaluate the validity of anything which claimant tells. The Deputy Commissioner saw him at a number of conferences and heard him testify at the formal hearing. As this court said in Varney v. O'Hearne, D.C., 141 F.Supp. 421, 423: "The findings of the Deputy Commissioner 'are to be accepted unless they are unsupported by substantial evidence on the record considered as a whole'. O'Leary v. Brown-Pacific-Maxon, 340 U.S. 504, at page 508, 71 S.Ct. 470, at page 472, 95 L.Ed. 483; Ennis v. O'Hearne, 4 Cir., 223 F.2d 755; Gooding v. Willard, 2 Cir., 209 F.2d 913. It is not the function of this court to find the facts, nor to determine whether the decision of the Deputy Commissioner is supported by the weight of the evidence. Such a determination is always a difficult task when the reviewing court does not see the witnesses, and has no opportunity to ask them questions; it would be a hopeless task in this case, where the decision necessarily turned upon the credibility of the claimant, and the weight to be given to his subjective complaints. The Deputy Commissioner saw the claimant and the other witnesses, and was better able than any reviewing court to determine how much weight should be given to claimant's testimony with respect to his alleged recovery from the * * * accident and to his subsequent complaints * * *."

No doubt claimant would prefer less dangerous work,[3] but that does not necessarily mean he has a psychoneurosis. There is no contention that claimant has any scheduled disability except the disfigurement for which he received an award. There is substantial evidence on the record considered as a whole that the accident has caused no loss in his wage earning capacity. 33 U.S.C.A. § 908(c)

1. The application shows that it was so limited. The issue was clearly stated at the beginning of the hearing in 1957. Claimant testified in effect that his condition was the same then as it had been in November 1955. The petition for review filed in this court shows that the application for modification was made on the ground of an alleged mistake. Claimant's counsel is widely experienced in compensation matters.

2. Dr. Langworthy testified that claimant had had a traumatic life; he was brought up by a cruel stepmother; his wife has been a chronic invalid; he has a feeble-minded son; a fellow worker fell and was killed near him two or three years before. The doctor thought the blow on the head tended to light up these problems, and that claimant now suffers from a psychoneurosis with anxiety and tension.

3. He told Dr. Langworthy, "I don't like it so dangerous. Someone fell and got killed a couple of years ago. Sometimes things break loose over your head. So many get killed or broke up. If something hits you it would kill you."

544

(21). There is substantial evidence to support the finding of the Deputy Commissioner "that the medical evidence in support of the claimant's application is based on insufficient knowledge of the facts" and "that there was no mistake in determination of fact contained in the Compensation Order complained of." The order of 4 December 1957 rejecting claimant's application for modification of the award of 7 November 1955 is hereby confirmed.