C. K. CASE, Appellant,

v.

C. D. CALBECK, Deputy Commissioner, Eighth Compensation District of the U. S. Department of Labor's Bureau of Employees' Compensation, Appellee.

No. 19453.

United States Court of Appeals Fifth Circuit.

June 20, 1962.

James L. Lattimore, Corpus Christi, Tex., for appellant.

Jack Shepherd, Asst. U. S. Atty., Houston, Tex., Morton Hollander, Edward Berlin, Attys., Dept. of Justice, Washington, D. C., for appellee.

Before HUTCHESON, RIVES and BELL, Circuit Judges.

HUTCHESON, Circuit Judge.

This is an appeal, in forma pauperis, from an order of the United States District Court for the Southern District of Texas dismissing appellant's action filed therein, in which appellant sought review, pursuant to 33 U.S.C.A. § 921(b), of an order of the deputy compensation commissioner under the Federal Longshoremen's and Harbor Workers' Act, rejecting his application for a new compensation order. The district court dismissed the action "not only because of lack of jurisdiction but because the record of the Commissioner does not reflect any abuse of discretion".

The primary issues in the case are: (1) does the district court have jurisdiction, under 33 U.S.C.A. § 921(b), of an order of the deputy commissioner refusing to issue a new compensation order sought under the provisions of 33 U.S.C.A. § 922? and (2) if the district court does have jurisdiction, was the determination of the court in the case at bar, that the action of the deputy commissioner did not constitute an abuse of discretion, erroneous?

Appellee here contends, as he did before the district court, that the application under Section 922 is addressed to his sole discretion; that the rejection of the application did not constitute a "compensation order" within the meaning assigned that term by the Act, and for both reasons was therefore not reviewable in the district court; and that in any event the determination of the deputy commissioner was in accordance with law. Appellant, on the other hand, insists that the district court had jurisdiction of the action, but that it erred in dismissing the

complaint. We agree with appellant that the district court had jurisdiction, and with appellee that the court did not err in dismissing the complaint on the ground that the deputy commissioner had not abused his discretion.

In February of 1958, while he was employed as a longshoreman, appellant was struck on the head by a chain, causing certain physical injuries not here relevant. A claim for compensation under the Longshoremen's and Harbor Workers' Act was filed, and in December of 1960 the deputy commissioner, acting on stipulated facts, filed an order awarding appellant compensation for disability lasting from the date of the injury to March 30, 1960. No proceeding to suspend or set aside this compensation order was instituted by any of the parties within the thirty day period allowed by 33 U.S.C.A. § 921(a).

In March of 1961, appellant filed an "application for review of compensation case for modification of award" pursuant to Section 922, on the statutory grounds of "a mistake in the determination of facts by the deputy commissioner in the making of [the award of December 1960]" and because of "a change in condition since the making of such award". In support of the first ground, appellant offered the opinion of a psychiatrist that the accident in February of 1948, the injuries resulting from which had led to the compensation order of December, 1960, had also resulted in a permanently and "practically totally" disabling traumatic neurosis; and in support of the second ground appellant alleged that he had suffered increased pain and swelling since his return to work. After a hearing the deputy commissioner found that there had been no mistake of fact in the December, 1960 compensation order, and that there had been no change in appellant's physical condition, and "rejected" the application. The action in the district court, and this appeal, followed.

The jurisdiction of the district court with respect to review of the action of the deputy commissioner is set out in 33 U.S.C.A. § 921(b): "If not in accordance with law, a *compensation order* may be suspended or set aside * * * through injunction proceedings * * * instituted in the Federal district court * * *." Section 921(d) speaks of review by the district court of compensation orders "whether rejecting a claim or making an award".

Thus, the jurisdiction of the district court depends upon whether the order of the deputy commissioner rejecting appellant's application for review and additional compensation was a "compensation order" within the meaning of the Act.

By Section 919(e) a compensation order is defined as "the order rejecting the claim or making the award". Section 922, in pertinent part, provides that " * * * upon the application of any party in interest, on the ground of a change in conditions or because of a mistake in a determination action of fact * * * the deputy commissioner may * * * review a compensation case *in accordance with the procedure prescribed in respect of claims in section 919* [1] of this title, and in accordance with such section *issue a new compensation order.*"

We think that when these statutory provisions are considered together, as they must be, it is plain that appellant's application "for review and modification" was in reality a claim for compensation, within the meaning of the Act; that the order of the deputy commissioner which is here in question was one "rejecting the claim", and was thus a compensation order; and that it was the proper subject of an action to suspend or set aside in the district court. Appellee attempts to make a distinction between rejection of an "application for modification" and rejection of a claim by the deputy commissioner, a distinction which is not made or supported by the Act. While the Bureau's regulations, Section

---

1. 33 U.S.C.A. § 919, which deals with the procedure in respect of initial claims for compensation.

31.16, and the parties in the case at bar, use the term "modification" of a compensation order, that terminology is nowhere to be found in Section 922. The only powers given the deputy commissioner by that section are to issue a new compensation order and, impliedly, to reject the claim, in accordance with the procedure in respect of initial claims for compensation. The application under Section 922, therefore, is seen to be entirely analogous in practical effect to the "claim for compensation" under Section 919. Upon receipt of either, the deputy commissioner has only two alternatives: to issue an order making an award, or one rejecting the claim. There is this difference, however: the deputy commissioner has authority to review a compensation case only on the two above-stated grounds, both of which were advanced by appellant. Section 922 does not contemplate that the evidence which formed the basis for the previous finding and order shall again be reviewed and evaluated; to hold otherwise would be to render meaningless the provision that such order becomes final unless proceedings for review are brought within thirty days. Thus, the review proceeding is a new proceeding, limited in scope, in which the deputy commissioner may determine from new evidence whether a new compensation order should be filed. Support for this interpretation of Section 922 is found in Tudman v. American Shipbuilding Co., 170 F.2d 842 (7th Cir., 1948); Luckenbach S.S. Corp., Inc. v. Norton, 106 F.2d 137 (3rd Cir., 1939); Bethlehem Shipbuilding Corp. v. Cardillo, 102 F.2d 299 (1st Cir., 1939); and Pillsbury v. Alaska Packers Association, 85 F.2d 758 (9th Cir., 1936).

Appellee's further argument that the application for review is addressed to the sole discretion of the deputy commissioner is without merit. The discretion of the deputy is a judicious discretion, made subject to judicial review by Sec. 921(b) of the Act, if a compensation order is filed.

We hold that an order of the deputy commissioner rejecting an application for review under Sec. 922 is a compensation order within the meaning of the Act, and that an action to suspend it or set it aside is within the jurisdiction of the district court. The question has been heretofore considered by the Seventh Circuit, with the same result. See Tudman v. American Shipbuilding Co., supra.[2]

As we have observed above, the district court dismissed the action both because of want of jurisdiction, and because the record did not reflect an abuse of discretion by the deputy commissioner, and as we have shown, the former determination was in error, inasmuch as the court did have jurisdiction of the action. While it may be conceded that this was a rather anomalous procedure, we think it the wiser course of judicial administration, since the court did in law have jurisdiction of the action and did exercise that jurisdiction, to accept and consider the matter on the merits, rather than remand it to the district court.[3]

Extensive discussion and analysis of the evidence adduced at the hearing before the deputy commissioner would serve no useful purpose. It is sufficient to say that a reading of the record and briefs convinces us that there was substantial evidence in support of the conclusion that if appellant suffers from a traumatic neurosis, it was not caused or precipitated by the 1958 accident, and that there has been no change in appellant's physical condition. The

---

**2.** It is not true that there have been no reported instances or review of rejection by the deputy commissioner of an application under Section 922, as appellee contends in his brief. In addition to Tudman v. American Shipbuilding Co., supra, see e. g., Burley Welding Works, Inc. v. Lawson, 141 F.2d 964 (5th Cir. 1944); Lockard v. Parker, 164 F.2d 804 (4th Cir. 1947); Walker v. Marshall, 111 F.2d 794 (9th Cir. 1940); Watts v. O'Hearne, 169 F.Supp. 541 (D.C.Md. 1959); Flamm v. Willard, 125 F.Supp. 932 (E.D.N.Y.1954).

**3.** Cf. O'Leary v. Brown-Pacific-Maxon, Inc., 340 U.S. 504, 71 S.Ct. 470, 95 L. Ed. 483 (1951).

district court was therefore required to accept the findings of the deputy commissioner. Voris v. Eikel, 346 U.S. 328, 74 S.Ct. 88, 98 L.Ed. 5 (1953); Mississippi Shipping Co. v. Henderson, 231 F.2d 457 (5th Cir., 1956); Walsh Stevedoring Co. v. Henderson, 203 F.2d 501 (5th Cir., 1953).

For the reasons stated, the order of the district court, insofar as it gave want of jurisdiction as a reason for dismissing the action is disapproved; and insofar as it dismissed the action on the merits, is affirmed.

Affirmed.