**LUCKENBACH S. S. CO., Inc., v. NORTON, Deputy Commissioner, Third Compensation District, et al.**

No. 7036.

Circuit Court of Appeals, Third Circuit.

Aug. 3, 1939.

George F. Blewett, of Philadelphia, Pa., for appellant.

Joseph Gross, of Philadelphia, Pa., for appellee.

Before MARIS, BIDDLE, and BUF-FINGTON, Circuit Judges.

BIDDLE, Circuit Judge.

This appeal involves construction of the Longshoremen's and Harbor Workers' Compensation Act (33 U.S.C.A. § 901 et seq.). Section 22 of the Act was amended on May 26, 1934, § 5, 48 Stat. 807, so as to provide that the deputy commissioner may "at any time prior to one year after the date of the last payment of compensation, whether or not a compensation order has been issued * * *. review a compensation case.[1] * * *". Prior to the amendment the deputy commissioner was limited in making his review to the "time during the term of an award and after the compensation order in respect of such award has become final. * * :*.".[2] Graham was injured on February 18, 1932, while employed as a longshoreman by the Luckenbach Steamship Co., Inc. He was paid compensation until March 7, 1938, under various orders; and on May 31, 1938, the deputy commissioner awarded further compensation based on permanent partial disability. The company sought to have the order set aside in the United States District Court for the Eastern District of Pennsylvania. The court sustained the deputy commissioner, and the company appealed to this court.

It is argued that the amendment is inapplicable as it was adopted after the date of the accident. But the amendment is not retroactive, since the limitation is from the last payment of compensation. It is remedial, affecting matters of procedure, and clearly applies. American Mutual Liability Insurance Co. v. Lowe, 3 Cir., 85 F.2d 625; Bethlehem Shipbuilding Corp. v. Cardillo, 1 Cir., 102 F.2d 299.

Section 22 authorizes the deputy commissioner to review a compensation case "on the ground of a change in conditions or because of a mistake in a determination of fact by the deputy commissioner." In the order of August 9, 1935, the deputy had found that there had been no change in Graham's condition of partial disability, and compensation continued on that basis until March 7, 1938, when payments ceased. On May 31, 1938, upon Graham's application for review, the deputy commissioner found that the disability was permanent, a condition which, he pointed out, had not been determined in any previous order. Appellant argues that there had been no change or mistake as contemplated by the section. But to follow such an interpretation would be to give the statute a narrowly technical and impractical construction. Such a construction has not been favored. Baltimore & Philadelphia Steamboat Co. v. Norton, 284 U.S. 408, 52 S.Ct. 187, 76 L.Ed. 366; DeWald v. Baltimore & Ohio R. Co., 4 Cir., 71 F.2d 810, certiorari denied 293 U.S. 581, 55 S.Ct. 94, 79 L.Ed. 678; Fidelity & Casualty Co. of New York v. Burris, 61 App. D.C. 228, 59 F.2d 1042. We do not believe the Act was intended to prevent the deputy commissioner from withholding determination as to whether the condition was temporary or permanent, and subsequently finding that it was permanent. The decision rests largely in the deputy commissioner's discretion. Simmons v. Marshall, 9 Cir., 94 F.2d 850. There is no suggestion here that the evidence does not support the order.

The judgment of the District Court is affirmed.

---

[1] 33 U.S.C. § 922, 33 U.S.C.A. § 922.

[2] Act of March 4, 1927, c. 509, § 22, 44 Stat. 1437.