O'KEEFFE, DEPUTY COMMISSIONER, SIXTH
COMPENSATION DISTRICT, DEPARTMENT
OF LABOR *v.* AEROJET-GENERAL
SHIPYARDS, INC.

No. 71–262.  Decided December 14, 1971

PER CURIAM.

Petitioner, a Labor Department Deputy Commissioner, rejected an employee's claim against respondent under the Longshoremen's and Harbor Workers' Compensation Act, 44 Stat. 1424, as amended, 33 U. S. C. § 901 *et seq.,* on the ground that the proofs failed to establish that his disability was related to conditions of his employment. Thereafter petitioner reopened the case pursuant to § 22 of the Act, 33 U. S. C. § 922.   On the basis of testimony by the employee's personal physician and a commission-appointed doctor, petitioner concluded, contrary to his initial determination, that the disabling condition had in fact been "materially aggravated and hastened" by the circumstances of employment, and awarded him compensation.   The District Court sustained the award but the Court of Appeals for the Fifth Circuit, one judge dissenting, reversed.   442 F. 2d 508.   The Court of Appeals held that in the absence of changed conditions or

new evidence clearly demonstrating mistake in the initial determination, the "statute simply does not confer authority upon the Deputy Commissioner to receive additional but cumulative evidence and change his mind." 442 F. 2d, at 513.

Neither the wording of the statute nor its legislative history supports this "narrowly technical and impractical construction." *Luckenbach S. S. Co.* v. *Norton,* 106 F. 2d 137, 138 (CA3 1939). Section 22 of the Act provides:

> "Upon his own initiative, or upon the application of any party in interest, on the ground of a change in conditions or because of a mistake in a determination of fact by the deputy commissioner, the deputy commissioner may, at any time prior to one year after the date of the last payment of compensation, whether or not a compensation order has been issued, or at any time prior to one year after the rejection of a claim, review a compensation case in accordance with the procedure prescribed in respect of claims in section 919 of this title, and in accordance with such section issue a new compensation order which may terminate, continue, reinstate, increase, or decrease such compensation, or award compensation. . . ." 33 U. S. C. § 922.

Thus, on its face, the section permits a reopening within one year "because of a mistake in a determination of fact." There is no limitation to particular factual errors, or to cases involving new evidence or changed circumstances. The Act at one time did authorize reopening only on the "ground of a change in conditions," 44 Stat. 1437, but was amended in 1934 expressly to "broaden the grounds on which a deputy commissioner can modify an award . . . when changed conditions or a mistake in a determination of fact makes such modification desirable in order to render justice under the act." S. Rep. No.

588, 73d Cong., 2d Sess., 3–4 (1934); H. R. Rep. No. 1244, 73d Cong., 2d Sess., 4 (1934). The plain import of this amendment was to vest a deputy commissioner with broad discretion to correct mistakes of fact, whether demonstrated by wholly new evidence, cumulative evidence, or merely further reflection on the evidence initially submitted.

Nor does our construction "render meaningless the provision [of § 21 of the Act, 33 U. S. C. § 921] that [a compensation] order becomes final unless proceedings for review are brought within thirty days." *Case* v. *Calbeck*, 304 F. 2d 198, 201 (CA5 1962). The review authorized by § 21 is limited to the legal validity of the award; a district court may set aside an award only if it is "not in accordance with law." Section 21 (b), 33 U. S. C. § 921 (b). The 30-day limit of § 21 is not "rendered meaningless" by setting a different time limit for a redetermination of fact. Moreover, the absence of a provision in § 21 for the judicial review of evidence confirms the need for a broad discretion in the deputy commissioner, to review factual errors in an effort "to render justice under the act."

The petition for certiorari is granted, the judgment of the Court of Appeals is reversed, and the case is remanded for proceedings consistent with this opinion.

*It is so ordered.*