54 F.3d 772
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 GENEVA BIRCHFIELD, Widow of Ernest Birchfield, Petitioner,
v.
EASTERN ASSOCIATED COAL COMPANY; Director, Office of
Workers' Compensation Programs, United States
Department Of Labor, Respondents.
 No. 94-1557.
 United States Court of Appeals, Fourth Circuit.
 Argued: April 4, 1995.
Decided: May 18, 1995.
 
 ARGUED: Benita Yolan Whitman, Elkview, WV, for Petitioner. Mark Elliott Solomons, Arter & Hadden, Washington, DC, for Respondents. ON BRIEF: Laura Metcoff Klaus, Arter & Hadden, Washington, DC, for Respondent Eastern Associated Coal.
 Before WIDENER and WILKINSON, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Petitioner Geneva Birchfield ("Mrs. Birchfield"), widow of Ernest Birchfield ("Birchfield"), filed a claim for federal black lung benefits as the surviving spouse on November 4, 1986. Her deceased husband had been employed by respondent Eastern Association Coal Corporation ("Eastern") as a coal miner for 42 years and had filed his claim for federal black lung benefits in 1975. On July 25, 1989, Administrative Law Judge Jeffrey Tureck conducted a hearing on both claims. Judge Tureck denied benefits on April 20, 1990. The petitioner moved for a modification of Judge Tureck's order. After a hearing, Administrative Law Judge Edward J. Murty, Jr. denied the motion for modification on June 17, 1992. Mrs. Birchfield then appealed to the Benefits Review Board. The Board affirmed Judge Murty.
 
 I.
 
 2
 Birchfield died on October 28, 1986. He had smoked cigarettes earlier in his life and later switched to a pipe. He eventually developed lung cancer, and the petitioner maintains that Birchfield also had pneumoconiosis. Birchfield's medical history is extensive and includes chest x-ray interpretations, pulmonary function studies, arterial blood gas tests, pathology reports, and opinions of various doctors. Approximately three years before his death, doctors removed Birchfield's left lung.
 
 
 3
 Although at least one of Birchfield's doctors diagnosed pneumoconiosis without actually examining the lung tissue, the doctor that examined Birchfield's lung after it was removed, Dr. Bich N. Pham, diagnosed cancer, but not pneumoconiosis. Later that same month, Dr. Echols A. Hansbarger reviewed Dr. Pham's pathology slides and report. He agreed with Dr. Pham's diagnosis of cancer, but he did not diagnose pneumoconiosis.
 
 
 4
 In December 1988, Dr. Peter G. Tuteur, a board-certified specialist in internal medicine and pulmonary disease, reviewed the medical evidence in the record as of that time and found that although Birchfield's complaints were consistent with both pneumoconiosis and cancer, the physical findings were inconsistent with a coal-dust related disease. He found that Birchfield did not have pneumoconiosis, that he was not functionally disabled due to pneumoconiosis, and that his death was not due to pneumoconiosis.
 
 
 5
 With the motion for modification, the petitioner submitted a report from Dr. A.H. Gelderman that stated that Mr. Birchfield did have pneumoconiosis. In arriving at this conclusion, Dr. Gelderman reviewed the clinical records, Dr. Pham's report, and twelve pathology slides. In response, Eastern submitted a report from Dr. Richard L. Naeye, who had reviewed the evidence and stated that Birchfield did not have pneumoconiosis.
 
 II.
 
 6
 This court reviews a decision by the Benefits Review Board for errors of law, including whether the Board has used the proper standard of review in considering the administrative law judge's decision. Amigo Smokeless Coal Co. v. Director, OWCP, 642 F.2d 68, 69 (4th Cir.1981). Normally, therefore, this court must review the administrative law judge's decision to make sure it is rational, supported by substantial evidence, and not contrary to law. Peabody Coal Co. v. Shonk, 906 F.2d 264, 267 (7th Cir.1990); see Amigo, 642 F.2d at 69. As this is a review of a denial of modification, however, and a grant or denial of a motion for modification has been held to be within the discretion of the administrative law judge, Amax Coal Co. v. Franklin, 957 F.2d 355, 357 (7th Cir.1992); see O'Keeffe v. AerojectGeneral Shipyards, Inc., 404 U.S. 254, 256 (1971), this court reviews the judge's denial of the motion for modification for abuse of discretion.
 
 
 7
 The administrative law judge was well within his power in weighing the evidence and concluding that Dr. Gelderman's report was not sufficiently persuasive to grant the motion for modification. Grizzle v. Pickands Mather & Co., 994 F.2d 1093, 1096 (4th Cir.1993). There were several qualified physicians who stated that Birchfield did not have pneumoconiosis. The administrative law judge did not abuse his discretion in finding these physicians more persuasive than Dr. Gelderman. Therefore, the decision of the Benefits Review Board upholding the decision of the administrative law judge is
 
 
 8
 AFFIRMED.