**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

VICTOR J. SULLIVAN,
Petitioner,

v.

NEWPORT NEWS SHIPBUILDING AND

No. 96-1922

DRY DOCK COMPANY (Self-insured);
DIRECTOR, OFFICE OF WORKERS'
COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR,
Respondents.

On Petition for Review of an Order
of the Benefits Review Board.
(BRB-92-1669)

Argued: June 3, 1997

Decided: July 30, 1997

Before WILKINSON, Chief Judge, LUTTIG, Circuit Judge,
and BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Robert Elliott Walsh, RUTTER & MONTAGNA, L.L.P.,
Norfolk, Virginia, for Petitioner. James Melvin Mesnard, SEY-
FARTH, SHAW, FAIRWEATHER & GERALDSON, Washington,
D.C., for Respondents. **ON BRIEF:** Matthew H. Kraft, RUTTER &
MONTAGNA, L.L.P., Norfolk, Virginia, for Petitioner.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Victor Sullivan, an employee of Newport News Shipbuilding & Dry Dock Company ("NNS"), received an award under the Longshore and Harbor Workers' Compensation Act ("LHWCA"). 33 U.S.C. § 901 et seq. This award was premised upon an injury to his "upper left extremity." Sullivan later sought modification of the award, because his injury was actually to his left shoulder. Sullivan appeals the denial of this request, arguing that it was an abuse of discretion. We disagree. Given that any factual mistake resulted from a stipulation agreed to by Sullivan, NNS's strong interest in the finality of the compensation award clearly outweighed any interest in correcting Sullivan's litigation mistake. Accordingly, we affirm the decision of the Benefits Review Board.

I.

On December 11, 1982, Victor Sullivan injured his left shoulder in the course of his employment with NNS. On the basis of this injury, he pursued a compensation award under the LHWCA. Sullivan and NNS stipulated that Sullivan had "sustained permanent partial disability equivalent to 5% loss of use of the left upper extremity." Pursuant to this stipulation, on February 28, 1986 the district director of the Office of Workers' Compensation Programs ("OWCP") entered a compensation order which awarded Sullivan temporary disability compensation and permanent partial disability compensating for a 5 percent loss of use of his left arm under the schedule set forth at 33 U.S.C. § 908(c)(19).

Subsequent to this compensation order, Sullivan sought a modification under 33 U.S.C. § 922, arguing that the parties had mistakenly agreed to use 33 U.S.C. § 908(c)(19) as the basis for the permanent disability award. He argued that his injury was to his left shoulder and

2

therefore his award should have been determined instead under 33 U.S.C. § 908(c)(21), the appropriate subsection for such non-scheduled injuries.

The Administrative Law Judge denied modification. He reasoned that any mistake in the order was primarily the responsibility of Sullivan's counsel, and that NNS's interest in the finality of the compensation order outweighed the interest in correcting litigation mistakes. Sullivan appealed to the Benefits Review Board, which affirmed the ALJ's decision. Sullivan now appeals to this court.

II.

Section 22 of the Act permits the reopening and modification of compensation orders "on the ground of a change in conditions or because of a mistake in a determination of fact." 33 U.S.C. § 922. However, a party is not entitled to a modification as a matter of right. Rather, a compensation award should be reopened only when a reexamination of the award would serve the interests of justice. O'Keefe v. Aerojet General-Shipyards, Inc., 404 U.S. 254, 255-56 (1971). "A bare claim of need to reopen to serve the interests of justice, however, is not enough. In deciding whether to reopen a case under § 22, a court must balance the need to render justice against the need for finality in decision making." General Dynamics Corp. v. Director, Office of Workers' Compensation Programs, 673 F.2d 23, 25 (1st Cir. 1982). We review modification decisions for abuse of discretion. O'Keefe, 404 U.S. at 256.

Sullivan argues that since his injury was to his shoulder and not to his left arm, it would be a miscarriage of justice to let his initial compensation award stand. We disagree. This is not a situation where the parties mistakenly believed that the injury was to Sullivan's left arm when Sullivan made his compensation request. As Sullivan concedes, he and his counsel were fully aware that the injury was to Sullivan's left shoulder. Yet Sullivan stipulated that his injury was to his left arm. Whether this stipulation was made in an effort to reach a compromise with NNS or whether it simply was a mistake by Sullivan's counsel, it does not follow that it was an abuse of discretion to deny Sullivan's modification request. As the Eleventh Circuit has stated, "Section 22 petitions are designed to prevent injustice resulting from

3

the erroneous fact-finding officials such as an ALJ, not to save litigants from the consequences of their counsel's mistakes." <u>Verderane v. Director, Office of Workers' Compensation Programs</u>, 772 F.2d 775, 780 (11th Cir. 1985).

III.

For the foregoing reasons, we affirm the order of the Benefits Review Board.

<u>AFFIRMED</u>

4