<head>

<title>USCA1 Opinion</title>

<style type="text/css" media="screen, projection, print">

<!--

@import url(/css/dflt_styles.css);

-->

</style>

</head>

<body>

                 United States Court of Appeals
                     For the First Circuit
                      ____________________

No. 98-2023

                  BATH IRON WORKS CORPORATION,

                          Petitioner,

                               v.

              DIRECTOR, U.S. DEPARTMENT OF LABOR,
       OFFICE OF WORKERS' COMPENSATION PROGRAMS, ET AL.,

                          Respondents.

                      ____________________

      ON PETITION FOR REVIEW OF A FINAL DECISION AND ORDER

                  OF THE BENEFITS REVIEW BOARD

                      ____________________

                             Before

                    Torruella, Chief Judge,

                     Lipez, Circuit Judge,

                   and Fust, District Judge.

                     _____________________

   Kevin M. Gillis, with whom Troubh, Heisler & Piampiano, P.A.  
was on brief, for petitioner.
   G. William Higbee, with whom McTeague, Higbee, MacAdam, Case,
Cohen & Whitney, PA was on brief, for respondent Raymond E. Jones.
   Stephen Hessert and Norman, Hanson & DeTroy on brief for
respondent Commercial Union Insurance Companies.

                      ____________________

                       October 4, 1999
                      ____________________

        FUST
, District Judge.  Petitioner/Appellant, Bath Iron
Works, Inc., challenges a decision of the Benefits Review Board of
the United States Department of Labor Office of Workers'
Compensation holding it responsible for the payment of ongoing
medical benefits and a Special Fund assessment pursuant to the
Longshoremen and Harbor Workers' Compensation Act ("LHWCA"), 33
U.S.C.  901-950 (1986).  This case is properly before us pursuant
to 33 U.S.C.  921(c).  We affirm the Benefits Review Board's
determination.
                               I.
                 Procedural and Factual History
        From 1952 to 1978, Respondent/Appellee, Raymond Jones,
worked as a pipe coverer at Petitioner's shipyard in Bath, Maine.  
During the course of this employment, he was exposed to asbestos,
became ill, and filed for workers' compensation benefits.   
        On January 16, 1981, an Administrative Law Judge ("ALJ")
determined that Jones had sustained an occupational disease,
asbestosis, as a result of his work as a pipe coverer at the Bath
Iron Works shipyard.  The ALJ awarded Jones permanent partial
disability benefits and medical expenses.  The ALJ also granted the
employer/insurer relief pursuant to 33 U.S.C.  908(f), based upon
a pre-existing chronic obstructive pulmonary disease that the ALJ
determined had combined with the occupational disease to create the
disability.  The ALJ found that Jones had been exposed to asbestos
through March 1978, at which point the employer had transferred him
to a different position.  Throughout the initial period of exposure
to asbestos, Commercial Union Insurance Companies was Bath Iron
Works' workers' compensation insurance carrier.
        After 1978, Jones was employed with Bath Iron Works in a
position which did not expose him to airway irritants and was able
to work following the appropriate treatment for his disease.  Then,
in November 1990, Bath Iron Works changed the location of Jones'
workplace.  The new work area was poorly ventilated.  Due to the
paucity of fresh air, Jones' pulmonary condition worsened.  Upon
the advice of his treating physician, Jones ceased work on
February 15, 1991, as he was totally disabled.  At this time, Jones
filed a Motion for Modification of benefits seeking to change the
payments from permanent partial to permanent total disability
benefits pursuant to 33 U.S.C.  922.
        A different ALJ held a hearing on Jones' motion on
December 1, 1992.  Bath Iron Works maintains that Jones' brief for
this hearing was the first time that he argued that he had suffered
a new injury and that his award should be based upon his average
weekly wage at the time when he stopped working in February 1991.  
The ALJ addressed both of these issues.  On May 3, 1993, the ALJ  
found that no new injury had occurred as of Jones' last date of
employment, February 15, 1991, and that, therefore, there was no
reason to adjust the date of the award.  The ALJ awarded Jones
permanent total disability benefits and, once again, recognized the
employer's right to relief pursuant to 33 U.S.C.  908(f).  
Accordingly, the ALJ ruled that Jones' benefits would continue to
be based upon his average weekly wage as determined in the 1981 ALJ
decision.
        In February 1991, Bath Iron Works ceased its insurance
coverage with Commercial Union Insurance Companies and became self-
insured for the purposes of workers' compensation coverage.
        Jones appealed the 1993 ALJ determination to the Benefits
Review Board, claiming that a new injury had occurred as of
February 15, 1991 and that he was, therefore, entitled to benefits
based upon his higher average weekly salary at that time.  On
August 12, 1996, the Benefits Review Board held that there was
evidence that could result in a finding of new injury in 1991.  The
Board further held that the ALJ had failed to elucidate fully his
reasoning in finding that no new injury had occurred in February
1991.  The Board found that the ALJ had not identified, discussed
or weighed the relevant evidence and that evidence existed, which
if credited, could yield a finding of new injury.  The Board, thus,
remanded the case, instructing the ALJ to weigh and analyze the
evidence further.
        Following the Board's remand, the ALJ analyzed additional
evidence and reversed his earlier decision on March 3, 1997.  In
so doing, he first noted that, even though he had considered all of
the evidence regarding a new injury claim at the time of his
original decision, a new injury occurred in February 1991.  The ALJ
stated he felt such a ruling was necessary "so that the appellate
process may go forward."  The ALJ awarded Jones benefits for a
permanent total disability based upon his salary as of February 15,
1991, and granted the employer relief under 33 U.S.C.  908(f).  
This ruling resulted in an increase in Jones' benefits and changed
the carrier responsible for the new injury from Commercial Union
Insurance Companies to Bath Iron Works.  Therefore, Bath Iron Works
is now responsible for increased compensation and for the Special
Fund assessment.
        Bath Iron Works appealed the 1997 ALJ decision to the
Benefits Review Board.  The Board summarily denied the appeal on
August 17, 1998.
        Bath Iron Works then filed this Petition for Review on
September 15, 1998.  Bath Iron Works alleges that the decision
improperly assessed it with liability for medical payments and the
Special Fund assessment for all periods after February 15, 1991,
because the Board exceeded its scope of review in the August 12,
1996 opinion and the subsequent remand.  It further contends that
this started a chain of events wherein the ALJ erred in
interpreting the Board's remand as an instruction to find that a
new injury had occurred and adopted it as such without
independently making a determination based upon the facts.  
Additionally, Bath Iron Works maintains that the evidence fails to
reasonably establish that a new injury occurred as of February 15,
1991.

                              II.
                           The Issues
        Both issues presently before us concern whether or not a
new injury occurred in 1991.  The first issue is whether the
Benefits Review Board erred in its August 12, 1996 order vacating
the ALJ's opinion and remanding for determination of whether a new
injury arose in February 1991, and the second is whether, upon
remand, the ALJ erred in finding that a new injury occurred on
February 15, 1991.
                              III.
               Benefits Review Board Remand Order
        Bath Iron Works contends that absent a prior claim for
compensation alleging a new injury, the Board did not possess the
authority to address the issue for the first time upon appeal.  
Moreover, it maintains that the Board erred in remanding the case
to the ALJ because the remand effectively foreclosed a true
judicial determination by the ALJ.
        Jones responds that he filed a section 922 petition for
modification of benefits, seeking permanent total disability
benefits, which provided notice of his appeal and authorized the
Board to hear the aggravation claim and that the Board's remand was
correct because it was necessary for the ALJ to determine whether
there was evidence to support an aggravation of his injury.
        Our review of the Board's authority is limited to
reviewing  the record for material errors of law or fact and we
look to the  grounds upon which the Board actually relied in
reaching its decision.  See Cornell University v. Vlez, 856 F.2d
402, 404 (1st Cir. 1988).  We begin with the Board's authority to
address the new injury issue.  In January 1981, the ALJ awarded
Jones permanent partial disability benefits resulting from a 1978
occupational disease of asbestosis.  Jones continued his employment
with Bath Iron Works through 1991.  However, in 1990, Bath Iron
Works transferred him to a new work area in which there was less
ventilation.  In this poorly-ventilated area, Jones' pulmonary
condition became aggravated and eventually forced him to cease his
employment.  Concurrently, Jones' attorney sent a letter seeking
permanent total disability benefits pursuant to 33 U.S.C.  922.
        Section 922 permits the deputy commissioner to reconsider
an award or denial of benefits within one year of the last payment
of compensation. 33 U.S.C.  922.  Petitioner, at that time, was
receiving permanent partial disability benefits and, therefore,
satisfied the statutory time limit of section 922.
        The Board determined that Jones fulfilled the statute of
limitations requirements of the LHWCA, reasoning that because
Jones' letter seeking modification of benefits was timely filed
under  922, it was unnecessary for Jones to take the additional
step of filing a new injury claim under  913 of the LWHCA.  The
Board further noted that the proceedings under  922, if not the
letter itself, provided a timely alert that Jones was asserting a
new injury claim under an aggravation theory.  We find the Board's
conclusions to be sound and based upon the evidence.
        Moreover, given that the LHWCA widely enjoys a liberal
construction, McDermott Inc. v. Bourdreaux, 679 F.2d 452, 459 (5th
Cir. 1982) (citing Voris v. Eikel, 346 U.S. 328, 333 (1953)); see
also O'Keefe v. Aerojet-General Shipyards, 404 U.S. 254, 255
(1971); Boatel Inc. v. Delamore, 379 F.2d 850, 857 (5th Cir. 1967);
Carumbo v. Cape Cod S.S. Co., 123 F.2d 991 (1st Cir. 1941)
(interpreting terms under the LHWCA), we find that Jones' letter
satisfies the requirements of section 922.  See, e.g., Banks v.
Chicago Grain Trimmers Assoc., 390 U.S. 459, 465 n.8 (1968) (noting
the fact that a petitioner labeled a second action as a claim for
compensation rather than an application for review was irrelevant
for statutory purposes as long as the action meets the requirements
of the section).  Therefore, it is disingenuous to allege that the
issue was raised for the first time in the brief to the ALJ for the
remand hearing.  The letter constitutes notice of such a claim and
Jones also implicitly raised the issue in his pre-hearing statement
to the ALJ on the modification of benefits issue.  By moving for a
modification of benefits and by arguing that the benefits should be
based on his 1991 salary, Jones was necessarily asserting either
that he sustained a new injury or aggravation of his prior injury.
See Volpe v. Northeast Marine Terminals, 671 F.2d 697, 701 (2d Cir.
1982) ("Although a preexisting condition does not constitute an
injury, aggravation of a preexisting condition does."); Bludworth
Shipyard, Inc. v. Lira, 700 F.2d 1046, 1050 (5th Cir. 1983) (citing
cases).  In this situation, Jones did not need to file a
duplicitous claim under section 13.  See generally, I.T.O. Corp. v.
Pettus, 73 F.3d 523, 526 (4th Cir. 1996) (stating that under
section 922, "[a]n application of a party in interest need not meet
formal criteria.  The application need only be sufficient to
trigger review before the . . . limitations period expires.")
(internal citation omitted).
        As a result, at the hearing the ALJ addressed the issue
and Bath Iron Works subsequently appealed his decision to the
Board.  In this way, the Board had the authority to address the new
injury issue under the aggravation theory.
        Next, we determine whether the Board erred in remanding
the case to the ALJ on the aggravation issue.  Generally, a Board
must accept administrative findings of fact unless they are
unsupported by substantial evidence in the record considered as a
whole. 33 U.S.C.  921(b)(3) (1982).  In turn, "[w]e examine the
record for material errors of law or for impermissible departure
from the familiar 'substantive evidence' rubric in connection with
the board's assessment of the hearing officer's factual findings."
Cornell University, 856 F.2d at 404; Air America, Inc. v. Director,
Office of Workers' Compensation Programs, 597 F.2d 773, 778 (1st  
Cir. 1979); Bath Iron Works Corp. v. White, 584 F.2d 569, 573-74
(1st Cir. 1978) (citing O'Keeffe v. Smith, Hinchman & Grylls
Associates, Inc., 380 U.S. 359, 363 (1965)); 33 U.S.C.
921(b)(3)).
        Upon examination of the record in the instant case, the
Board determined that there was evidence in the record which, if
found credible, could support a finding of an aggravation injury
and thereby entitle Jones to increased benefits, from permanent
partial to permanent total disability benefits.  Respectively, the
date of the aggravated injury would determine the amount from which
benefit calculation would begin rather than the original date of
injury.  The Board found that the ALJ had failed to discuss his
reasoning for finding no aggravation and, accordingly, remanded for
clarification of the issue.  This is clearly the appropriate
course of action since the Board is constrained from making
findings of fact itself. 33 U.S.C.  921(b)(3); Owens v. Newport
News Shipbuilding & Dry Dock Co., 11 B.R.B.S. 409, 418 (1979).  We
find the Board's remand in this case to be expressly within its
powers.  See 33 U.S.C.  921(b)(3); Jasinkas v. Bethlehem Steel
Corp., 735 F.2d 1, 3 (1st Cir. 1984) (citing cases where ALJ's
findings were unclear and deeming Board remand appropriate).  
                              IV.
                    New Injury Determination
        Bath Iron Works alleges that no new injury occurred in
February 1991 because: (1) the ALJ erroneously assumed that he
could not independently issue findings regarding the new injury
issue; and (2) the evidence in the record does not support a new
injury claim.  Jones counters that the evidence in the record
clearly supports the new injury determination.
        As noted above, our review of this determination is
limited to whether the Board committed an error of law.  Meagher,
867 F.2d at 727.  From the record before us, it is clear that the
Board was meticulously correct in its determination.  The Board
remanded for specific factual determinations, and the ALJ found a
new and discrete injury.  In his opinion, the ALJ noted specific
facts: The new location which had no windows and poor ventilation;
Jones' exposure to thick dust, fumes, and other injurious pulmonary
stimuli.  The ALJ cited additional evidence, including Jones'
decreased breathing capacity, medical tests, reports from Jones'
treating physician, and testimony from Jones.  The combination of
these factors led the ALJ to conclude that a new injury arose on
February 15, 1991 and to award permanent total disability benefits
accordingly.  The Board concurred, finding sufficient factual
support in the record for the ALJ's decision.  We do not find that
the Board committed an error of law in affirming the ALJ's
determination.  At this point, our authority to review the decision
of the Benefits Review Board ends.
                               V.
                           Conclusion
        In accordance with the foregoing, we AFFIRM the Benefit
Review Board's decision in favor of Raymond Jones.

</body>

</html>