**Evelyn POWELL (Widow of Ben Powell), Petitioner,**

v.

**LANGLEY & MORGAN CORPORATION; Director, Office of Workers' Compensation Programs, United States Department of Labor, Respondents.**

No. 01–3759.

United States Court of Appeals, Sixth Circuit.

Dec. 5, 2001.

254

Before CLAY and GILMAN, Circuit Judges; EDGAR, District Judge.*

Evelyn Powell ("Claimant"), widow of miner Ben Powell ("Miner"), petitions pro se for review of the Benefits Review Board's ("Board's") decision and order denying her claim for benefits under the Black Lung Benefits Act, 30 U.S.C. §§ 901–45. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1970, the Miner filed an application for black lung benefits with the Social Security Administration; the application was denied. It was subsequently considered by the Department of Labor ("DOL") which, in 1981, also denied the claim. The Miner took no further action to obtain black lung benefits and died of lung cancer on January 9, 1995.

The Claimant filed an application for survivor's benefits in December 1996. The district director denied this claim on February 26, 1997, and the Claimant took no further action until filing a new claim on February 18, 1999. This claim was denied by the district director on April 14, 1999, upon a finding that the Claimant had failed to demonstrate entitlement to benefits. The Claimant did not respond to the district director's denial within 60 days as required to appeal. However, on July 6, 1999, the DOL was notified that she had retained counsel, who sent a letter stating an intention to "appeal any denials" of which he was unaware. The DOL treated this letter as a request for modification. In response, Langley & Morgan Corporation ("the Employer") contested the claim, denying both that the Claimant was entitled to benefits and that she could legally pursue a duplicate survivor's claim.

* The Honorable R. Allan Edgar, United States Chief District Judge for the Eastern District of Tennessee, sitting by designation.

On October 14, 1999, the DOL issued a proposed decision and order denying modification. The Claimant, again proceeding pro se, requested a hearing and the case was transferred to the Office of Administrative Law Judges. Upon the Employer's motion for summary judgment, the administrative law judge ("ALJ") issued a show cause order as to why the Employer's motion should not be granted. The Claimant did not respond. Consequently, on May 4, 2000, the ALJ issued a decision and order cancelling the hearing, denying the duplicate survivor's claim as a matter of law, and denying the request for modification. On appeal, the Board concluded that the ALJ's decision and order was supported by substantial evidence and contained no reversible error.

In her petition for review, the Claimant argues that she should be granted benefits because the Miner had been exposed to coal mine dust for 12 years and a physician had diagnosed pneumoconiosis. She asks this court to reconsider the evidence and explains that the "untimely filing was of account of illness."

This court must affirm the Board's decision if the Board has not committed any legal error or exceeded its statutory scope of review of the ALJ's factual determinations. *See Glen Coal Co. v. Seals,* 147 F.3d 502, 510 (6th Cir.1998); *Director, OWCP v. Quarto Mining Co.,* 901 F.2d 532, 536 (6th Cir.1990). The court reviews the ALJ's decision only to decide whether it is supported by substantial evidence and is in accordance with the applicable law. *See Seals,* 147 F.3d at 510; *Peabody Coal Co. v. Greer,* 62 F.3d 801, 804 (6th Cir.1995).

■ Because the Claimant's February 1999 survivor's claim was filed more than one year after her prior claim was denied, it was properly analyzed by the ALJ under the duplicate claims provision found at 20 C.F.R. § 725.309. Pursuant to that regulation, it is the claimant's burden to show a material change in the miner's condition before he or she is entitled to further adjudication. *Sharondale Corp. v. Ross,* 42 F.3d 993, 996 (6th Cir.1994). However, the regulation further provides that, "[i]f an earlier *survivor's* claim filed under this part has been finally denied, the new claim filed under this part shall also be denied unless the [district director] determines that the later claim is a request for modification and the requirements of § 725.310 are met." (Emphasis added). The purpose behind § 725.309(d) of providing relief from the ordinary principles of finality and *res judicata* to any miner whose physical condition deteriorates due to the progressive nature of black lung disease is simply not applicable to a survivor's claim based upon a miner who is deceased. *See Sahara Coal Co. v. Office of Workers' Compensation Programs,* 946 F.2d 554, 556 (7th Cir.1991); *Lukman v. Director, OWCP,* 896 F.2d 1248, 1253 (10th Cir. 1990). Therefore, the ALJ and the Board properly concluded that, because the Claimant had filed her second survivor's claim for benefits more than one year after her initial claim was finally denied, it was barred as a matter of law under § 725.309(d).

■ The July 1999 letter from the Claimant's counsel was properly considered as a request for modification under § 725.310, since it was filed more than 60 days after but within one year of the final denial of her duplicate claim. *See* 20 C.F.R. § 725.410(c)(1); *Consolidation Coal Co. v. Worrell,* 27 F.3d 227, 229–30 (6th Cir.1994). Section 725.310(a) provides:

Upon his or her own initiative, or upon the request of any party on grounds of a change in conditions or because of a mistake in a determination of fact, the [district director] may, at any time before one year from the date of the last payment of benefits, or at any time be-

fore one year after the denial of a claim, reconsider the terms of an award or denial of benefits.

 For the same reason that a change in condition could not be demonstrated in the Claimant's duplicate claim, i.e., the Miner is deceased, the only ground for modification that she could argue is a mistake in a determination of fact. She does argue such a mistake in her petition for review, urging this court to find that a doctor's diagnosis of pneumoconiosis and her husband's 12 years of breathing coal mine dust entitle her to benefits. Despite the fact that a simple diagnosis of pneumoconiosis is insufficient in any event to entitle the Claimant to survivor's benefits (which requires a finding that the Miner's death was due to pneumoconiosis, *see* 20 C.F.R. §§ 718.1(a), 718.205(c)), the ALJ based the denial of her duplicate claim upon a determination of *law*. Modification cannot be predicated on mistakes of law; in that case, the proper recourse is a direct appeal following the original grant or denial of benefits. 30 U.S.C. § 921; *O'Keeffe v. Aerojet–General Shipyards, Inc.,* 404 U.S. 254, 256, 92 S.Ct. 405, 30 L.Ed.2d 424 (1971).

The ALJ's decision is supported by substantial evidence and is in accordance with the applicable law. Accordingly, Evelyn Powell's petition for review of the Board's decision and order is denied. Rule 34(j)(2)(C), Rules of the Sixth Circuit.