# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

December 16, 2008

Charles R. Fulbruge III
Clerk

No. 07-60993
Summary Calendar

SUPERIOR BOAT WORKS, INC.; MISSISSIPPI INSURANCE GUARANTY
ASSOCIATION,

Petitioners,

v.

TROY CREMEEN; DIRECTOR, OFFICE OF WORKER'S COMPENSATION
PROGRAMS, U.S. DEPARTMENT OF LABOR,

Respondents.

On Petition for Review from the Benefits Board
United States Department of Labor
Case Nos. 07-0349 and 07-0349A

Before STEWART, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Petitioners Superior Boat Works, Inc. (Superior) and Mississippi
Insurance Guaranty Association appeal the decision and order of the Benefits
Review Board (Board) awarding benefits on a claim filed pursuant to the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Longshore and Harbor Workers' Compensation Act (LHWCA).[1]  Because the Administrative Law Judge's (ALJ) final decision was not supported by substantial evidence, we reverse and render judgment.

I

On August 3, 1998, Troy Cremeen fell three feet from a raised catwalk and struck his right shin while working for Superior at its Harbor Front industrial field facility.  He later drove himself to Family Medical Center (FMC) where Dr. Dishongh dressed the wound, gave Cremeen a pair of crutches, and prescribed Lorcet, a painkiller, for two days.  Cremeen did not tell anyone at FMC or at Superior that he had hurt his back on that day.

Cremeen had previously injured his back in an automobile accident on June 28, 1997.  In connection with this accident, Cremeen saw Dr. Daniel Dare, an orthopedic surgeon in Vicksburg, Mississippi, on March 31, 1998, and complained of back pain radiating down his right leg.  An MRI on April 4, 1998, showed mild central disc protrusions at the L4-5 and L5-S1 vertebrae.  Cremeen continued to complain of pain during visits to Dr. Dare on April 14, 1998, and May 19, 1998.  In a letter dated June 11, 1998, Dr. Dare explained that Cremeen had a five percent permanent partial disability to the body as a whole as a result of his back injury.

Cremeen testified that he first reported back pain allegedly related to the accident at Superior on September 11, 1998, when he had exhausted the pain medications given by Dr. Dare.  Cremeen continued to complain of back pain through sporadic clinic and emergency room visits.  On December 8, 1998, Cremeen visited Delta Health Center and stated that he hurt his back in a fall at work but had been having back problems from a prior car accident.  On December 27, 2001, Cremeen reported to the Jackson, Mississippi University

---

[1] 33 U.S.C. § 901.

Hospitals and Clinics (University Hospitals) Emergency Department that his back pain began "4 years ago" (the year the car accident occurred) and that "[t]he symptoms have been constant over this time." Cremeen did not tell anyone at University Hospitals that his back injury was caused by a work-related accident. MRIs conducted on March 2, 1999, November 13, 2001, and November 30, 2002, each showed bulging discs at L4-5 and L5-S1, unchanged from his April 4, 1998, MRI.

On February 24, 2003, Cremeen first saw Dr. Rahul Vohra. After several sessions over the next year, in April 2004, Dr. Vohra suggested for the first time that Cremeen's pain was caused by a problem with his sacroiliac (SI) joints, rather than his back.

Cremeen did not file a workers' compensation claim with Superior. Missy Laws, administrative assistant for Superior and Cremeen's sister, explained in a letter dated September 14, 1998 that Cremeen told her that he did not want to file a worker's compensation claim because his work injury was caused by a previous back injury related to an automobile accident. The letter also noted that on August 31, 1998, Cremeen told his sister that he was taking pain medication for his back and was unable to work.

In 2004, Cremeen sought total disability compensation and medical benefits based on his injury at Superior in August 1998. The ALJ found that Cremeen established a prima facie case of an "injury" within the meaning of the LHWCA and thus was entitled to a presumption under 33 U.S.C. § 920. However, the ALJ also found that Superior had introduced evidence sufficient to rebut the § 920 presumption that Cremeen's alleged back injury arose out of or in the course of his employment with Superior. Specifically, the ALJ found that Superior had produced substantial evidence showing that Cremeen had a pre-existing back injury of a permanent nature and that his MRIs after the work-related accident showed no worsening of the back condition. "Given the

3

absence of any expert medical opinion regarding causation, the Court can only rely upon the objective medical records that showed no changes in the MRI's [sic] to conclude that [Cremeen's] back condition was caused solely by the car accident. Therefore, the Court finds the objective medical records sufficient to favor a finding that [Cremeen's] fall at work did not worsen his pre-existing back condition."

Because Superior had rebutted the § 920 presumption, the ALJ then examined the evidence as a whole to determine causation.[2] The court found that the record lacked any medical evidence substantiating Cremeen's claim that his back condition was causally related to his fall at Superior. Instead, the ALJ found that the medical reports showed that Cremeen's back injury was solely the result of the prior car accident. Further, the ALJ found Cremeen's testimony that his pain worsened after the fall to be self-serving, inconclusive, and unreliable and that Cremeen lacked the frame of reference to determine whether his back pain increased because, at the time of the work injury, he was already taking pain medication due to the car accident.

The ALJ also did not give weight to Cremeen's argument that the fall caused the SI joint disease diagnosed by Dr. Vohra. The court noted that Cremeen's medical history pertaining to the car accident was "glaringly absent from Dr. Vohra's notes, while [Cremeen's] complete medical history beginning with the work injury [was] included." The ALJ also explained that "Dr. Vohra's notation clearly does not amount to a medical opinion regarding causation of the SI joint tenderness," and "even had [Dr. Vohra] rendered an opinion, it would be discredited on the basis of an incomplete medical history."

---

[2] Port Cooper/T. Smith Stevedoring Co., Inc. v. Hunter, 227 F.3d 285, 288 (5th Cir. 2000) (stating that if the employer rebuts the presumption, then the issue of causation must be decided by looking at all of the evidence in the record).

Following the ALJ's initial decision denying benefits, Cremeen filed a notice of appeal and forwarded additional evidence to the Board. The Board construed this submission as a request for modification and remanded the case to the ALJ for consideration of the additional evidence.[3] The ALJ affirmed its prior decision, determining that a modification was not warranted and again concluded that there was no evidence linking Cremeen's SI joint tenderness to the work accident.

The Board affirmed the ALJ's finding that Cremeen's current back condition was not caused by his fall at work but concluded that "[s]ince claimant's work injury was to the same body part as that injured in the 1997 car accident, the aggravation rule[4] is at issue." Even though the ALJ found that the objective medical records were sufficient to favor a finding that Cremeen's "fall at work did not worsen his pre-existing back condition," the Board held that the ALJ had not explicitly determined whether Superior had produced substantial evidence that the work accident did not aggravate Cremeen's pre-existing condition. And despite the ALJ's finding that there was no link between the work-related accident and Cremeen's alleged SI joint disease, the Board also explained that the MRI evidence could not be used in this determination "in light of the evidence that the work injury involves a different condition [SI joint disease]." The Board stated that it would affirm the ALJ's decision in the event that he finds the presumption was rebutted because "the

---

[3] See 33 U.S.C. § 922 ("Upon his own initiative, or upon the application of any party in interest . . . on the ground of a change in conditions or because of a mistake in a determination of fact by the deputy commissioner, the deputy commissioner may . . . review a compensation case . . . and . . . issue a new compensation order which may terminate, continue, reinstate, increase, or decrease such compensation, or award compensation."); O'Keeffe v. Aerojet-Gen. Shipyards, Inc., 404 U.S. 254, 255 (1971).

[4] See Strachan Shipping Co. v. Nash, 782 F.2d 513, 517 (5th Cir.1986) (en banc) (stating that when "an employment injury worsens or combines with a preexisting impairment to produce a disability greater than that which would have resulted from the employment injury alone, the entire resulting disability is compensable").

evidence in toto weighed heavily in favor of Superior and the denial of benefits."

On remand, the ALJ found that Superior failed to rebut the presumption because it presented "no evidence" that the work accident did not aggravate Cremeen's SI joint disease. Recounting the Board's holding that the production of the MRIs before and after the accident was not determinative, the ALJ explained that he was "forced" to find that Superior had not presented substantial evidence to prove that Cremeen's pre-existing back condition and pain were not aggravated by the fall at work. Accordingly, the ALJ found that Cremeen was entitled to temporary total disability compensation for the period of August 3 to August 29, 1998, as well as the reasonable and necessary past and future medical expenses arising out of his back injury.

Superior appealed to the Board, contending that it rebutted the § 920(a) presumption by providing MRIs taken before and after the work accident, which showed no change in Cremeen's physical condition, and Cremeen's failure to complain of any back pain until several weeks after the incident. The Board held that "[t]his circumstantial and lay evidence, however, is insufficient to rebut the Section [9]20(a) presumption in this case" reiterating that "the existence of comparable MRIs before and after the injury is not determinative of whether the work accident aggravated Cremeen's condition, in view of the different diagnoses, i. e., sacroiliac joint disease following the injury and discogenic pain prior." The Board further concluded that the MRIs did not address whether the accident caused Cremeen's condition to become symptomatic. Finally, the Board concluded that Cremeen's failure to complain was not substantial evidence, in light of the fact that Cremeen continued to take pain medication for his previous injury until one month after the fall.

The LHWCA requires the Board to accept the findings of the ALJ "if supported by substantial evidence in the record considered as a whole."[5] In reviewing the ALJ's decision, the Board "may not substitute its judgment for that of the ALJ or engage in a de novo review of the evidence", but instead must "accept the findings of the ALJ if they are rational and supported by substantial evidence in the record considered as a whole."[6] Therefore, we review decisions of the Board to determine whether it "correctly concluded that the Administrative Law Judge's order was supported by substantial evidence on the record as a whole and is in accordance with law."[7] "'[W]e may not substitute [our] judgment for that of the ALJ, nor may we reweigh or reappraise the evidence, instead we inquire whether there was evidence supporting the ALJ's factual findings.'"[8]

## A

Section 920 of the LHWCA states, "it shall be presumed, in the absence of substantial evidence to the contrary . . . (a) That the claim comes within the provisions" of the Act.[9] "[I]nherent in this provision is the presumption that an injury is causally related to a worker's employment."[10] "To invoke the section 920(a) presumption, a claimant must prove (1) that []he suffered a harm

---

[5] 33 U.S.C. § 921(b)(3).

[6] Gulf Best Elec., Inc. v. Methe, 396 F.3d 601, 603 (5th Cir. 2004) (citing Ceres Marine Terminal v. Dir., Office of Worker's Comp. Programs, 118 F.3d 387, 389 (5th Cir. 1997)).

[7] Conoco, Inc. v. Dir., Office of Worker's Comp. Programs, 194 F.3d 684, 687 (5th Cir. 1999) (quoting Ingalls Shipbuilding, Inc. v. Dir., Office of Worker's Comp. Programs, 991 F.2d 163, 165 (5th Cir. 1993)).

[8] Port Cooper/T. Smith Stevedoring Co., Inc. v. Hunter, 227 F.3d 285, 287 (5th Cir. 2000) (alterations in original) (quoting Boland Marine & Mfg. Co. v. Rihner, 41 F.3d 997, 1002 (5th Cir. 1995)).

[9] 33 U.S.C. § 920.

[10] Hunter, 227 F.3d at 287.

and (2) that conditions existed at work, or an accident occurred at work, that could have caused, aggravated or accelerated the condition."[11]  The ALJ determined that Cremeen established a prima facie case of an "injury" within the meaning of the LHWCA and, accordingly, applied the § 920(a) presumption.

Superior now claims that Cremeen did not establish a prima facie case entitling him to the § 920(a) presumption.  The ALJ found, based on the medical records, that Cremeen suffers from a back condition.  The ALJ also found that Cremeen's three-foot fall from a catwalk to a dry dock at Superior could have caused Cremeen's back condition.  We agree with the Board that the ALJ's decision is supported by substantial evidence.  Moreover, Superior did not challenge the ALJ's decision before the Board and, thus, has waived this issue on appeal.[12]

## B

Once the claimant establishes a prima facie case entitling him to the § 920(a) presumption, the burden shifts to the employer to rebut the presumption through facts that the harm was not work-related.[13]  "[T]he evidentiary standard for rebutting the § [9]20(a) presumption is the minimal requirement that an employer submit only 'substantial evidence to the contrary.'"[14]  "The language does not require a 'ruling out' standard; indeed, the hurdle is far lower."[15]  An employer need only produce "more than a modicum

---

[11] Conoco, 194 F.3d at 687.

[12] See McIntosh v. Partridge, 540 F.3d 315, 325 (5th Cir. 2008).

[13] Conoco, 194 F.3d at 687-88; see 33 U.S.C. § 920 (presumption can be rebutted by "substantial evidence to the contrary").

[14] Ortco Contractors, Inc. v. Charpentier, 332 F.3d 283, 289 (5th Cir. 2003) (emphasis in original).

[15] Conoco, 194 F.3d at 690.

but less than a preponderance" of evidence that the injury was not work-related.[16]

After reviewing the record, we conclude that Superior produced substantial evidence to rebut the presumption that the work-related injury aggravated Cremeen's pre-existing back condition. As the ALJ noted in its initial decision, Superior provided evidence that Cremeen had been taking medication for severe back pain before and after the work incident. Additionally, the University Hospitals Emergency Room notes reported that Cremeen's back pain began before the work-related injury and had "been constant over th[at] time." Superior also produced evidence that Cremeen's MRIs after the work-related accident showed no worsening of his back condition. Superior's production of the comparable MRIs and medical records exhibiting constant back pain and use of pain medication since the automobile accident is substantial evidence to rebut the presumption that the work-related injury aggravated Cremeen's previous back injury.

The ALJ's initial decision to rely on the MRIs was "rational and supported by substantial evidence in the record."[17] The ALJ relied on the MRIs due to "the absence of any expert medical opinion regarding causation" and concluded from the MRIs that "[Cremeen's] fall at work did not worsen his pre-existing back condition." The Board erred in determining that the use of comparable MRIs was not proper "in light of the different diagnoses," because the ALJ had concluded that there was no link between the second diagnosis, SI joint disease, and the work injury. The Board also disapproved of the ALJ's use of the MRIs because "the MRIs do not address whether the accident caused claimant's condition to become symptomatic, irrespective of the lack of worsening in the

---

[16] Ortco, 332 F.3d at 290.

[17] Gulf Best Elec., Inc. v. Methe, 396 F.3d 601, 603 (5th Cir. 2004) (citing Ceres Marine Terminal v. Dir., Office of Worker's Comp. Programs, 118 F.3d 387, 389 (5th Cir. 1997)).

underlying condition." But, along with the MRIs, Superior produced medical records noting that Cremeen's back pain and use of pain medications had remained constant since the auto accident. Further, the ALJ explicitly found Cremeen's testimony of increased pain, the only evidence that Cremeen's condition had become symptomatic, to be "self-serving and unreliable." The ALJ concluded that the fact that Cremeen continued to take pain medication for his previous injury until one month after the fall "evidences that [Cremeen] lacked the frame of reference necessary to determine how his back pain changed after the fall, thereby detracting from the reliability of his testimony that his back pain increased."

The ALJ's final decision, holding that Superior did not rebut the § 920(a) presumption, was not supported by substantial evidence. Therefore, we must reverse. Moreover, because the Board stated that it would affirm the ALJ's previous decision denying benefits in the event that Superior rebutted the § 920(a) presumption, we render judgment denying benefits.

REVERSED and RENDERED.