

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-19-2008

# Pontoriero v. Director OWCP

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1147

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Pontoriero v. Director OWCP" (2008). *2008 Decisions.* Paper 68.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/68

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 08-1147

_____

PASQUALE PONTORIERO,

Petitioner

v.

DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS;
UNIVERSAL MARITIME SERVICE CORP.;
SIGNAL MUTUAL INDEMNITY ASSOCIATION,

Respondents

_____

On Petition for Review of a Decision of the Benefits Review Board
affirming a Decision of an Administrative Law Judge
(United States Department of Labor BRB No. 07-0441)

_____

Submitted Under Third Circuit LAR 34.1(a)
December 3, 2008

_____

Before: AMBRO and GREENBERG, <u>Circuit Judges</u>,
and RODRIGUEZ,[*] <u>District Judge</u>

(Opinion filed: December 19, 2008)

_____

OPINION

_____

_____

[*]The Honorable Joseph H. Rodriguez, Senior United States District Judge for the District of New Jersey, sitting by designation

RODRIGUEZ, <u>Senior District Judge</u>

This petition arises out of the Department of Labor Benefits Review Board's ("BRB") decision to affirm an Administrative Law Judge's ("ALJ") denial of permanent disability benefits under the Longshore and Harbor Workers' Compensation Act ("LHWCA"), 33 U.S.C. §§ 901-950. Because we conclude that the Board's decision to affirm the ALJ's findings was supported by substantial evidence and was in accordance with the law, the petition will be denied.

## I.

We exercise jurisdiction over final orders of the BRB pursuant to 33 U.S.C. § 921(c). "Our examination is limited to a determination of whether the Board acted in conformance with applicable law and within its proper scope of review. Because the Board does not administer the [LHWCA], our review of its interpretation of the Act is essentially plenary but we will respect [the Board's] interpretation if it is reasonable." *Maher Terminals, Inc. v. Dir., Office of Workers' Comp. Programs,* 330 F.3d 162, 166 (3d Cir. 2003) (internal quotation marks and citations omitted). We will find that the BRB acted within its scope of review if its findings of fact are "supported by substantial evidence in the record considered as a whole." *See* 33 U.S.C. § 921(b)(3). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *accord Del. River Stevedores, Inc. v. Director, Office of Workers' Comp. Programs,* 279 F.3d 233,

2

241 (3d Cir. 2002) (quoting *Universal Camera Corp. v. NLRB,* 340 U.S. 474, 477 (1951)).  It "is less than a preponderance of the evidence but more than a mere scintilla." *Jones v. Barnhart,* 364 F.3d 501, 503 (3d Cir. 2004) (internal quotation marks and citation omitted).

II.

As we write solely for the benefit of the parties, who are familiar with the facts and procedural history of this case, our discussion will be confined to the legal issues presented and include only those facts necessary to our disposition.  In 1993, while employed by Respondent Universal Maritime Service Corporation, Petitioner sustained work-related injuries to his back and left leg.  Petitioner received temporary total disability benefits through August of 1994, when he was adjudged to have reached maximum medical improvement, able to return to his pre-injury employment.  (SA-297-99.)

In May of 1996, eight days after returning to work, Petitioner was again injured on the job, this time after falling on an oil spill.  (SA-300-01.)  Petitioner claimed he had injured his right shoulder, lower back, and left leg.  On March 26, 1999, he was awarded compensation for temporary total disability from the date of the 1996 accident until March of 1997, when Respondent's doctor examined Petitioner and found that he had reached the point of maximum medical improvement and could return to his pre-injury job without restriction.  (SA-286-91.)  In his March 26, 1999 Decision and Order, the

ALJ made post-hearing credibility determinations and found Respondent's doctor's opinion to be well-reasoned and supported by objective findings on examination, rather than relying on Petitioner's subjective complaints of pain, which the ALJ found not credible. (SA-305.) Also on March 26, 1999, the ALJ credited Respondent's doctor's finding that Petitioner sustained a ten percent disability to the leg as a result of his knee injury, and scheduled permanent partial residual disability compensation accordingly, commencing on the date of Respondent's doctor's deposition testimony. (SA-306-07.) In April of 2000, the BRB affirmed the ALJ's 1999 award of compensation for temporary total disability and scheduled permanent partial disability. (Appx., p. 41.)

On January 17, 2001, pursuant to 33 U.S.C. § 922, Petitioner requested modification of his award, alleging a worsening of his condition and requesting permanent total disability benefits. After a hearing, by a Decision and Order dated January 16, 2007, an ALJ denied Petitioner's claim for additional disability benefits, finding that Petitioner had not established a change in his ability to work, nor had he established a mistake in fact as to the duties of Petitioner's pre-injury job. Although the ALJ acknowledged Petitioner's attempt to establish an objective worsening of his back condition based on MRI results since the original decision was entered, he found that Petitioner did not establish he is disabled from his pre-injury employment. The ALJ discredited Petitioner's subjective complaints and the opinion of his treating physician based on those complaints, instead lending credence to the opinion of Respondent's

4

doctor that Petitioner could return to work in his pre-injury position without restrictions. The ALJ factored into his analysis a November 2005 surveillance video showing Petitioner engaged in activities inconsistent with his assertion of disability.

The BRB affirmed the ALJ's decision, and adopted the Decision as its final order on November 21, 2007. (Appx., pp. 40-45.) Acknowledging that the Petitioner was entitled to seek modification of factual findings concerning the pre-injury job duties required of him, the BRB found nonetheless that the ALJ rationally found Petitioner had not established his inability to return to work, and consequently did not establish an entitlement to additional disability benefits. Finding that the ALJ gave rational reasons for rejecting Petitioner's testimony and his treating physician's opinion in favor of Respondent's physician's opinion, the BRB pointed out that a re-weighing of the evidence would be beyond its scope of review. Instead, the BRB affirmed the denial of modification as it was deemed supported by substantial evidence.

Petitioner now takes issue with the BRB Decision, arguing "[e]ven if parts of Petitioner's claims were slightly exaggerated, Petitioner did suffer serious injuries while working." (Pet. Br., p. 24.) Petitioner further contends that the ALJ went beyond his discretionary authority in rejecting his treating physician's opinion, which he alleges was based on objective evidence, and relied on the surveillance video which showed only "snippets from his daily activities," (Pet. Reply Br., p. 2), rather than on the testimony of both Petitioner's doctor and Respondents' doctor who testified as to a change in his condition for the worse.

5

III.

An independent review of the record taken as a whole reveals that there is substantial evidence for a denial of modification. Section 22 of the LHWCA permits modification of compensation awards based on a mistake in fact in the initial decision or on a change in conditions:

> Upon his own initiative, or upon the application of any party in interest . . . , on the ground of a change in conditions or because of a mistake in a determination of fact by the deputy commissioner, the deputy commissioner may, at any time prior to one year after the date of the last payment of compensation, whether or not a compensation order has been issued, or at any time prior to one year after the rejection of a claim, review a compensation case ... [and] issue a new compensation order which may terminate, continue, reinstate, increase, or decrease such compensation, or award compensation.

33 U.S.C. § 922; *accord Metropolitan Stevedore Co. v. Rambo,* 515 U.S. 291, 294-95, (1995). This provision vests the decisionmaker "with broad discretion to correct mistakes of fact, whether demonstrated by wholly new evidence, cumulative evidence, or merely further reflection on the evidence initially submitted." *O'Keeffe v. Aerojet-General Shipyards, Inc.*, 404 U.S. 254, 256 (1971). The decisionmaker may do so to "render justice under the act." *Id.* at 255.

As there was substantial evidence in the record to deny modification of the award in this case, Petitioner has not met his burden to show that the BRB erred in affirming the ALJ's finding of neither a mistake in the determination of facts regarding Petitioner's position nor a change in his conditions that would necessitate a new compensation order.

Indeed, the ALJ did acknowledge a change in Petitioner's physical condition since March of 1999, sufficient to bring the claim within the scope of section 22 of the LHWCA. (SA-14.) The ALJ therefore turned to the law regarding total disability.

To establish a prima facie case of permanent total disability, a claimant must prove that he is unable to perform his previous job because of a work-related injury. The burden then shifts to the employer to show that there are other suitable jobs available to the claimant. *See McCabe v. Sun Shipbuilding & Dry Dock Co.,* 602 F.2d 59, 62 & n.7 (3d Cir. 1979). The employer can carry this burden by showing suitable alternative employment in the claimant's geographical area that the claimant is capable of performing, considering his age, work experience, and physical restrictions, and that the claimant could secure if he diligently tried. *Wilson v. Crowley Maritime,* 30 Ben. Rev. Bd. Serv. 199, 203 (1996). If the employer can show suitable alternative employment, then the claimant is not totally disabled.

In this case, the ALJ found a worsened medical condition of the lower back based on MRI results, but found the change did not render Petitioner incapable of returning to his regular or usual employment. The decision turned on Petitioner's credibility. Although Petitioner claimed that he used a cane 99% of the time and he walked with a limp constantly, the surveillance video submitted to the ALJ contradicted his testimony, and caused the ALJ to discount it. Similarly, Petitioner's treating physician's opinion, based upon Petitioner's subjective complaints, was discredited.

7

In contrast, the opinion of Respondent's doctor was found to have been consistent with medical findings and supported by Petitioner's actions. Having examined Petitioner in 1997, 2001, and 2005, he placed no restrictions of Petitioner's ability to perform the duties of his pre-injury position, and opined that Petitioner could either return to that work or to alternative employment in a sedentary or light duty position. (SA-16, 51-197.)

Accordingly, the ALJ found that Petitioner did not establish his inability to return to work and the BRB deemed the finding rationally based. Having reviewed the record as a whole, we conclude that the BRB's decision to affirm the ALJ's findings was supported by substantial evidence and was in accordance with the law.

IV.

For these reasons, we deny the petition.