**WEBSTER COUNTY COAL CORPORATION; Mapco, Inc., Petitioners,**

v.

**Barbara Ann MENSER (Widow of Norman Menser); Director, Office of Workers' Compensation Programs, United States; U.S. Department of Labor, Respondents.**

**No. 01–4062.**

United States Court of Appeals, Sixth Circuit.

Feb. 25, 2003.

Before MARTIN, Chief Circuit Judge; MERRITT and LAY,* Circuit Judges.

---

* The Honorable Donald P. Lay, Circuit Judge for the United States Court of Appeals, Eighth Circuit, sitting by designation.

MERRITT, Circuit Judge.

In this black lung benefits case, Barbara Ann Menser, widow of Norman Menser, was twice denied survivor's benefits by two different administrative law judges. The first time, the Benefits Review Board vacated the ALJ's decision as lacking the proper foundation and rationale for discrediting Mr. Menser's treating physician's diagnosis that coal miner's pneumoconiosis was a significant condition contributing to Mr. Menser's death and for discrediting the Dr. Pitzer's pathological diagnosis that the primary cause of death was severe coal workers' pneumoconiosis with interstitial fibrosis and respiratory failure. The second time, the Board affirmed the ALJ's denial of benefits as being properly supported by substantial evidence and adequate rationale for discrediting the treating physician and the prosector. Within one year after the Board's affirmance of the second denial, Mrs. Menser wrote a letter to the district director stating, "[T]his is my appeal of the latest denial of my claim." With the letter, Mrs. Menser included "more records regarding [Mr. Menser]" and asked the district director to "review [the records] as soon as possible and reconsider my claim." The district director treated the letter as a timely request for modification under 20 C.F.R. § 725.310 (implementing 33 U.S.C. § 922), which allows the district director to reconsider the denial of benefits, upon the request of any party at any time before one year after the denial of the claim, "because of a mistake in a determination of fact." *See* 33 U.S.C. § 922, as incorporated by 30 U.S.C. § 932(a). The case was assigned for hearing before a third administrative law judge, who concluded that a mistake in the ultimate fact of entitlement had been made, basing his conclusion on the same evidence that was before the previous two judges. Finding substantial evidence that coal worker's pneumoconiosis had hastened Mr. Menser's death, ALJ Jansen

awarded Mrs. Menser survivor's benefits, 30 U.S.C. §§ 901–945. The Benefits Review Board affirmed. The employers petitioned this court for judicial review of ALJ Jansen's award of benefits and the Board's affirmance, raising various procedural and substantive arguments. Because we conclude each is without merit, we DENY the petition for review.

Procedurally, the district director acted well within his authority to treat Mrs. Menser's letter as a request for modification under 20 C.F.R. § 725.310. *See Youghiogheny and Ohio Coal Co. v. Milliken,* 200 F.3d 942, 953–54 (6th Cir.1999). Likewise, a district director has "broad discretion to correct mistakes of fact, whether demonstrated by wholly new evidence, cumulative evidence, or merely further reflection on the evidence initially submitted." *O'Keeffe v. Aerojet–General Shipyards, Inc.,* 404 U.S. 254, 256, 92 S.Ct. 405, 30 L.Ed.2d 424 (1971); *Youghiogheny and Ohio Coal Co. v. Milliken,* 200 F.3d at 954; *Consolidation Coal Co. v. Worrell,* 27 F.3d 227, 230 (6th Cir.1994). Indeed, as we have stated, in black lung benefits cases, "the fact-finder has the authority, if not the duty, to rethink prior findings of fact and to reconsider all evidence." *Jonida Trucking, Inc. v. Hunt,* 124 F.3d 739, 743 (6th Cir.1997).

 Further, we find no error in the assignment of ALJ Jansen to preside over Mrs. Menser's modification hearing. The Board affirmed ALJ Jansen's refusal to transfer the case to Judge Kaplan, concluding that no provision of § 922 or the implementing regulations require the original fact-finder, if available, to adjudicate subsequent modification requests. We do not find this conclusion legally erroneous. Just as in a first claim, processing of a request for modification begins with the collection of evidence at the district director level. *See* 20 C.F.R. § 725.310(b).

If a party is dissatisfied with the district director's proposed decision, the party may request a hearing, and the proceeding is referred to an ALJ under § 725.421 and .451, for hearing and *de novo* review of the evidence. "The sum of a *de novo* review and a *de novo* process is a new adjudication." *See Betty B Coal Co. v. Director, OWCP*, 194 F.3d 491, 499 (4th Cir.1999). It is not inconsistent to assign a different administrative law judge to hear what amounts to an entirely new adjudication. Further, none of the authority cited by the employers supports a finding of error under the circumstances of this case. ALJ Jansen conducted a *de novo* review of the evidence after conducting a hearing at which he was able to assess the credibility of fact witnesses.

■ For similar reasons, the "law of the case doctrine" simply does not apply where an administrative official of the same rank as the one presiding over the denial of benefits is authorized under the governing statute and regulations to re-open the case, with no limitation on particular factual errors, and to conduct a *de novo* adjudication. "The phrase, 'law of the case,' as applied to the effect of previous orders on the later action of the court rendering them in the same case, merely expresses the practice of courts generally to refuse to reopen what has been decided, not a limit to their power." *Messinger v. Anderson*, 225 U.S. 436, 444, 32 S.Ct. 739, 56 L.Ed. 1152 (1912). Although the law of the case doctrine no doubt applies in the administrative context where a judicial review tribunal has decided a material issue in the same proceeding, *see Youghiogheny & Ohio Coal Co. v. Milliken*, 200 F.3d at 950 (referring to it also as the "mandate" rule), here, where no appellate tribunal's decision has foreclosed modification and where the second ALJ possessed both the power and the duty under § 922 and 20 C.F.R. § 725.310 to conduct *de novo* review of all the facts in order to determine

whether a mistake of fact had been made, the law of the case doctrine, or its kindred *res judicata*, has no place. *See Banks v. Chicago Grain Trimmers Ass'n*, 390 U.S. 459, 461–65, 88 S.Ct. 1140, 20 L.Ed.2d 30 (1968) (the provision for modification in § 922 displaces *res judicata* for modification requests filed within one year of denial); *see also Betty B Coal Co.*, 194 F.3d at 499 ("[I]t bears repeating that the factfinder is in no way bound by the findings supporting the original denial.").

Substantively, "a claimant establishes that pneumoconiosis is a substantially contributing cause or factor leading to the miner's death if it serves to hasten that death in any way." *Griffith v. Director, OWCP*, 49 F.3d 184, 186 (6th Cir.1995) (internal quotations omitted). If ALJ Jansen's findings are supported by substantial evidence and are in accordance with the applicable law, ALJ Jansen's findings are conclusive. *Consolidation Coal Co. v. Worrell*, 27 F.3d at 230–31. Substantial evidence is that which a reasonable mind would accept as adequate to support a conclusion. *Ramey v. Kentland Elkhorn Coal Corp.*, 755 F.2d 485, 488 (6th Cir. 1985). In deciding whether a decision meets the "substantial evidence" requirement, this Court may consider whether an ALJ adequately explained the reasons for crediting certain testimony and evidence over other evidence in the record to either award or deny a claim. *Peabody Coal Co. v. Hill*, 123 F.3d 412, 415 (6th Cir.1997). As long as the ALJ's conclusions are supported by the evidence, they will not be reversed. "even if the facts permit an alternative conclusion." *Youghiogheny & Ohio Coal Co. v. Webb*, 49 F.3d 244, 246 (6th Cir.1995); *Ramey v. Kentland Elkhorn Coal Corp.*, 755 F.2d at 486 ("The finding of an ALJ in a black lung case may not be set aside if it is based on substantial evidence viewing the record as a whole, even if we would have taken a different

view of the evidence were we the trier of fact."). Given this limited scope of review, this court cannot substitute its own judgment for that of the ALJ where the ALJ has carefully considered each part of the evidence. *See Knuckles v. Director, OWCP*, 869 F.2d 996, 998 (6th Cir.1989).

█ In finding that pneumoconiosis hastened Mr. Menser's death, ALJ Jansen credited the autopsy report and deposition testimony of Dr. Pitzer, the physician who performed the autopsy on Mr. Menser, as well as the evidence provided by Mr. Menser's treating physician. Under 20 C.F.R. § 718.202(a)(2), pneumoconiosis may be established by autopsy evidence, and an ALJ may assign greater weight to autopsy evidence over other types of evidence in determining the existence of pneumoconiosis. *Griffith v. Director, OWCP*, 49 F.3d at 187. As noted above, evidence is substantial if a reasonable mind would accept it as adequate to support a conclusion. Dr. Pitzer's opinion qualifies as substantial evidence, despite the other doctors' different conclusions. In addition, ALJ Jansen credited Dr. Taylor's opinion, which was buttressed by Mrs. Menser's testimony and hospital records documenting a long history of respiratory failure prior to Mr. Menser's death. Given the case's procedural history, ALJ Jansen was careful to discuss the evidence in detail, explain why he accorded less weight to the opinions of the reviewing physicians, and point to evidence in the record where necessary. We are unable to say that the record is devoid of substantial evidence, or adequate rationale, to support ALJ Jansen's finding that coal miner's pneumoconiosis hastened Mr. Menser's death or that the Board committed legal error in affirming that finding. That a previous ALJ had come to the opposite conclusion on the same evidence does no more than vividly illustrate the nature of the substantial evidence standard in the administrative context. Section 922 and 20 C.F.R. § 725.310 expressly permit such results, and we are in no position to disturb that authority here. We therefore DENY the employers' petition for review.