ALD-212                                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1381
_____

ALVIN MOFFIT,
                                    Petitioner
                            v.

METRO MACHINE OF PENNSYLVANIA;
SIGNAL MUTUAL INDEMNITY ASSOCIATION, LIMITED;
DIRECTOR, OFFICE OF WORKERS' COMPENSATION
PROGRAMS, UNITED STATES DEPARTMENT OF LABOR,
                                    Respondents
_____

On Appeal from a Decision and Order
of the Benefits Review Board
(Agency No. 11-0341)
_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
June 28, 2012

Before:  SLOVITER, FISHER AND WEIS, Circuit Judges

(Opinion filed: July 3, 2012)
_____

OPINION
_____

PER CURIAM.

1

Alvin Moffit petitions for review of a decision of the Benefits Review Board ("BRB"). Because we conclude that the BRB's decision affirming the findings of the Administrative Law Judge ("ALJ") was supported by substantial evidence and accorded with the law, the petition will be denied.

**I.**

Petitioner filed a claim under the Longshore and Harbor Workers' Compensation Act ("LHWCA" or "Act"), 33 U.S.C. §§ 901-950, alleging that in October, 2000, he sustained work-related injuries to his wrist, and, in a separate incident, to his shoulder, spine, and back. He returned to work after each incident and continued his employment until voluntarily leaving the next month. In a decision dated December 19, 2007, ALJ Ralph Romano denied Moffit's claim for benefits, concluding both (1) that his wrist and shoulder conditions were not related to his employment with Metro Machine of Pennsylvania ("Metro Machine") and (2) that his spine and back conditions were work-related but did not prevent him from performing his usual employment duties until he resigned.

On appeal, the BRB vacated the ALJ's finding that Moffit had failed to show a causal relationship between his wrist and shoulder conditions and his employment with Metro Machine. On remand, ALJ Romano again determined that those conditions were not work-related but found that Moffit was entitled to medical benefits as a result of his

spine and back conditions.  Moffit appealed this decision to the BRB, which dismissed the appeal upon learning he had filed a motion for modification alleging new evidence.

Moffit's case was then assigned to ALJ Janice K. Bullard, who denied Moffit's claim for modification, finding he had failed to establish either a mistake in determination of fact in ALJ Romano's previous decisions or a change in his condition.  Moffit appealed that decision to the BRB, which determined that her findings of fact and conclusions of law were rational, supported by substantial evidence, and in accordance with the law, and thus affirmed her decision in full.  The BRB subsequently denied Moffit's motion for reconsideration of that decision.  Moffit now petitions for review of this latest decision pro se.

## II.

We exercise jurisdiction over final orders of the BRB pursuant to 33 U.S.C. § 921(c).  Our examination is limited to deciding whether the BRB acted in conformance with applicable law and within its proper scope of review.  Maher Terminals, Inc. v. Dir., Office of Workers' Comp. Programs, 330 F.3d 162, 166 (3d Cir. 2003).  Because the BRB does not administer the LHWCA, our review of its interpretation of the Act is essentially plenary but we will respect its interpretation provided it is reasonable.  Id. The BRB must accept the ALJ's findings as long as they are not contrary to law, irrational, or unsupported by substantial evidence.  Barbera  v. Dir., Office of Workers' Comp. Programs, 245 F.3d 282, 287 (3d Cir. 2001).  The BRB exceeds its authority if it makes independent factual determinations.  Dir., Office of Workers' Comp. Programs v.

3

U.S. Steel Corp., 606 F.2d 53, 55 (3d Cir. 1979).  We will find that the BRB acted within the scope of its review provided its findings of fact are "supported by substantial evidence in the record considered as a whole."  33 U.S.C. § 921(b)(3).  Substantial evidence is "less than a preponderance of the evidence but more than a mere scintilla." Jones v. Barnhart, 364 F.3d 501, 503 (3d Cir. 2004) (internal quotation marks and citation omitted).

**III.**

Our independent review of the record finds that there is substantial evidence for the denial of modification.  Section 22 of the LHWCA permits modification based on mistake of fact in the initial decision or a change in claimant's physical or economic condition.  Metro. Stevedore Co. v. Rambo, 515 U.S. 291, 301 (1995).  The ALJ has broad discretion under this section to correct mistakes of fact "whether demonstrated by wholly new evidence, cumulative evidence, or merely further reflection on the evidence submitted."  O'Keeffe v. Aerojet-Gen. Shipyards, Inc., 404 U.S. 254, 256 (1971).  The ALJ may so correct in order to "render justice under the act," id. at 255, and in so doing may draw her or his own inferences from evidence in the record.  Del Vecchio v. Bowers, 296 U.S. 280, 287 (1935).

Because there was substantial evidence in the record to deny modification, as discussed below, Moffit has failed to meet his burden to show that the BRB erred in affirming ALJ Bullard's findings.  The affirmed findings were that petitioner failed to establish a mistake in fact with respect to (1) ALJ Romano's determination that Moffit's

4

wrist condition is not work-related, and (2) Moffit's ability to work and the suitability of the employment Metro Machine offered, which are dispositive of his entitlement to disability benefits. We now discuss each of these findings.

The first finding is that Moffit's wrist condition is not work-related. Under the LHWCA, there is a presumption that an employee's claim comes within the Act's provisions "in the absence of substantial evidence to the contrary." 33 U.S.C. § 920(a). An employer may rebut this presumption by offering substantial evidence that the employee's disability did not result from a work-related injury. C&C Marine Maintenance Co. v. Bellows, 538 F.3d 293, 298 (3d Cir. 2008). ALJ Romano determined that Metro Machine had established this rebuttal, and on modification ALJ Bullard found that Moffit did not establish a mistake in fact with respect to this finding. ALJ Bullard also found that Moffit's new evidence did not show that his post-injury wrist surgery was related to his work injury. In reaching these findings, ALJ Bullard considered the relevant medical evidence, including the fact that Moffit's doctor could not correlate Moffit's wrist condition to his work injury. The BRB concluded, and we agree, that these findings are rational and supported by substantial evidence.

With respect to the second finding, concerning Moffit's ability to work and the suitability of the employment Metro Machine offered, "disability" refers to an "incapacity because of injury to earn wages which the employee was receiving at the time of injury in the same or any other employment." 33 U.S.C. § 902(10). To establish a prima facie case of disability, a claimant must prove he is unable to perform his previous

5

job because of a work-related injury, and the burden then shifts to the employer to show other fitting jobs were on offer to him. McCabe v. Sun Shipbuilding & Dry Dock Co., 602 F.2d 59, 62 n.7 (3d Cir. 1979). ALJ Romano determined, and ALJ Bullard agreed, that Moffit failed to establish entitlement to disability benefits: the light-duty work Metro Machine offered him to indulge his complaints was within the limitations outlined by his doctor, and he voluntarily abandoned this suitable work by resigning for reasons unconnected to his work injury. In reaching these findings, ALJ Bullard declined to credit Moffit's doctor's opinion regarding Moffit's post-injury physical limitations because of the doctor's uncertainty about the origins of Moffit's pain. She also found, however, that even if the doctor's opinion regarding Moffit's physical limitations were creditable, the light-duty work Metro Machine offered fell within the doctor's restrictions. Besides, Moffit had testified before ALJ Romano that although he had resigned from his employment, he was capable of light-duty work after his injury. The BRB decided, and we agree, that these findings are rational and supported by substantial evidence.

## IV.

Having reviewed the record as a whole, we conclude that the BRB's decision to affirm the ALJ's findings was supported by substantial evidence and accorded with the law. Thus finding no substantial question, we will summarily deny the petition pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6. Petitioner's motion for appointment of counsel is denied.